**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis Samuel SIERRA, Defendant-Appellant.**

**No. 71–1201.**

United States Court of Appeals, Tenth Circuit.

Dec. 23, 1971.

Mark C. Meiering, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., and Ronald A. Ginsburg, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

J. Stephen Gammill, Albuquerque, N. M., for defendant-appellant.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Louis Samuel Sierra was convicted by a jury of the crime of kidnapping as defined in 18 U.S.C. § 1201. Specifically, Sierra and Michael Anthony Corriz were charged in the indictment with knowingly transporting in interstate commerce from Raton, New Mexico, to a point near Hoehne, Colorado, one Albert Franklin Hill, "a person whom the defendants had unlawfully seized, abducted, carried away and held for the purpose of aiding their escape from custody." The charge against Corriz was otherwise disposed of, and, as indicated, Sierra's trial by jury resulted in a guilty as charged verdict. Sierra now appeals.

The only issue raised on appeal relates to the sufficiency of the evidence to support the verdict. It is agreed that Sierra, Corriz and one Joe Salazar, all inmates of the county jail in Raton, New Mexico, escaped from jail by overpowering a trusty and a radio operator at knifepoint at about five o'clock in the evening. About ten o'clock the same evening the three attempted to force and compel, again at knifepoint, one Raymond Luksich to drive them in his car across the state line to the Trinidad, Colorado, area, where Hoehne is located. Luksich, however, foiled their efforts by "rolling out" of his car at a filling station in Raton where they had stopped to buy gas.

At about eleven o'clock the same evening, the three went to the home of Albert Franklin Hill in Raton, where they had been earlier in the evening immediately following their escape from the jail. They were apparently drawn to the Hill home by the fact that one Libby Bueno also resided there, she being a friend of Corriz. None of the three, however, had any prior acquaintance with Hill.

As indicated, the foregoing is not in dispute, and the dispute centers around the events in the Hill home. Upon trial, the real issue, which of course went to the heart of the case, was whether Hill was forcibly and by threats seized, abducted and knowingly transported by Sierra and Corriz in interstate commerce from Raton, New Mexico, to the Trinidad, Colorado, area or, on the contrary, whether Hill voluntarily aided and abetted Sierra and Corriz in effecting their escape by driving with them in his truck from Raton to the Trinidad area.

The evidence disclosed that the three got lost while driving in Colorado near Trinidad, and that Sierra and Corriz then decided to return to Raton. Upon reaching Raton, Sierra left the vehicle and voluntarily returned to the jail from

which he had escaped. Corriz and Hill then drove eastward towards Clayton, New Mexico, and while en route the truck came to a halt because of mechanical difficulties. Corriz then left on foot and Hill was later found by state police. Salazar, incidentally, did not go on the ride to Trinidad, but remained in the Hill house with Libby Bueno. It was in this general state of the record that the jury found Sierra guilty of kidnapping.

Our study of Hill's testimony leads us to conclude that the Government did make a prima facie case of kidnapping. Hill testified that he did *not* voluntarily accompany Sierra and Corriz on the trek to Trinidad and return, but was forced to do so at knifepoint. The fact that Sierra's evidence tended to show that Hill voluntarily accompanied Sierra and Corriz on their cross-country drive only posed an issue of fact to be resolved by the jury. Indeed, defense counsel in his closing argument to the jury quite aptly and succinctly posed the central issue in the case as follows:

> " * * * It's a matter of who you believe. If you feel inside yourselves that Frank Hill is telling the truth about it, then you have to convict him. If you think that kid [Sierra] is telling the truth, then you have to acquit him. That's just the case, that's all there is to it. * * * "

The credibility to be assigned to Hill and Sierra respectively was of course a matter to be determined by the jury. Hill's testimony, if believed, is sufficient to support the verdict, and the jury by its verdict has chosen to believe Hill and to disbelieve Sierra. In such circumstance, we are not at liberty to set aside the jury's resolution of the conflict in evidence. Evaluating the credibility of a witness is for the jury, not an appellate court. United States v. Weiss, 431 F.2d 1402 (10th Cir. 1970), and United States v. Freeman, 412 F.2d 1181 (10th Cir. 1969).

As a corollary to his insufficiency of the evidence argument, counsel argues the so-called "equities" of the case. In this connection counsel points out that Sierra at the most was a "reluctant" participant; that although he may have had a knife, he didn't brandish it as Corriz and Salazar allegedly did; and he emphasizes that Sierra voluntarily returned to the jail from whence he had earlier escaped. Such matters may properly be considered in sentencing. The fact that Sierra voluntarily returned to the county jail, however, does not absolve him from the consequences of his prior criminal conduct. In a sense it is somewhat akin to the thief who later repents and returns the stolen property to its rightful owner. In the absence of a statute to the contrary, the general rule is that restitution of stolen property after the theft has been completed does not have the effect of condoning or absolving the offender or of necessarily requiring a mitigation of the penalty. *See* Davis v. Government of Canal Zone, 299 F. 256 (5th Cir. 1924).

Sierra, age twenty, was sentenced to ten years imprisonment. Admittedly we know nothing about Sierra's background and prior criminal record but in view of the mitigating facts and circumstances set forth above, the imposition of a ten-year sentence appears harsh. However, the sentence being within the statutory limit, we as an appellate court are without power to control or modify the sentence thus imposed. Smith v. United States, 273 F.2d 462 (10th Cir. 1959). We note that under Fed.R.Crim.P. 35 a trial court may consider a reduction in sentence within 120 days after receipt of the mandate issued upon affirmance of the judgment on appeal and accordingly any request for a reduction in sentence should be directed to the trial court.

Judgment affirmed.