UNITED STATES of America,
Plaintiff,

v.

Richard MACKAY and Chester Brewer,
Defendants.

No. CR–54–71.

United States District Court,
D. Utah, C. D.

April 12, 1974.

Phillip I. Palmer, Dallas, Tex., Jimi Mitsunaga, Salt Lake City, Utah, for defendants.

Robert G. Mahoney, Dept. of Justice, Crim. Div., Washington, D. C., C. Nelson Day, U. S. Atty., Salt Lake City, Utah, for United States.

## MEMORANDUM OPINION RECONSIDERING DEFENDANTS' SENTENCES

RITTER, Chief Judge.

Defendants Mackay and Brewer were charged in nine counts of a Grand Jury indictment with mail fraud in violation of 18 U.S.C. § 1341, and in six more counts with securities fraud in violation of 15 U.S.C. § 78j(b) and 15 U.S.C. § 78ff. The defendants were tried and convicted by a jury on all 15 counts. The trial judge sentenced each of the defendants to one year on each of the 15 counts for a total of 15 years to run consecutively, and fined each of them $27,000. The defendants appealed to the Tenth Circuit Court of Appeals, who in an opinion filed January 2, 1974, affirmed the judgment of conviction and sentence.

Subsequently, on February 4, 1974, 491 F.2d 616, the Tenth Circuit partially remanded the case for the purpose of giving the trial court an opportunity to reconsider the sentences. The matter of reconsideration of the sentences was set for hearing before the trial judge on March 7, 1974, and continued to March 8, 1974, at the request of counsel. On March 8th written statements with voluminous attachments were filed by each of the defendants and received by the court in connection with the reconsideration of the sentences. The matter was then taken under advisement by the trial judge.

The trial judge, who heard all the evidence in this case and who sentenced Mackay and Brewer to 15 years' imprisonment, has now read the defendants' written statements and examined the cases cited in Note 1 of the Tenth Circuit's February 4th opinion. In United States v. Wilson, 450 F.2d 495 (4th Cir. 1971) the trial court's failure to sentence under the Federal Youth Corrections Act may have been due to inadvertence. There was, however, no inadvertence here in sentencing Mackay and Brewer. In Marano v. United States, 374 F.2d 583 (1st Cir. 1967), the dis-

trict court gave substantial consideration to "legally impermissible factors." The trial judge in sentencing Mackay and Brewer, however, did not consider any impermissible factor. In United States v. West Coast News Co., 357 F.2d 855 (6th Cir. 1966), the trial court imposed sentence of 25 years' imprisonment plus a $25,000 fine for violation of federal obscenity statutes. Obviously, there, the punishment did not fit the crime. And in United States v. Wiley, 278 F.2d 500 (7th Cir. 1960), the sentencing judge discriminated against the defendant who stood trial in favor of the defendant who entered a plea of guilty. There was no such discrimination here in the sentencing of Mackay and Brewer.

In the present case the defendants Mackay and Brewer stole an entire insurance company by means of a series of transactions reaching from Salt Lake City, Utah, to Oregon, to Montana, to Texas, to Louisiana, to Pennsylvania and to New York City. The fraud and deceit worked upon people across the country was esssential to effectuate their ingenious, complicated scheme. The jury found that the planning and execution of this scheme required and involved the defendants' intentional, willful and malicious states of mind. The trial court after extensive argument agreed with the jury and denied the defendants' motions for judgment non obstante veredicto, for mistrial, and for submission of Counts 1 through 15 for dismissal of the indictment.

Throughout the trial Mackay and Brewer were represented by counsel of their own choice from the State of Texas. The defendants were given a full opportunity to present their contentions. In the end, however, there was very little indeed that the defendants could say in justification of the crimes of which they were convicted.

The defendant Mackay was a lawyer. Whether he is still a lawyer, the Court is unaware. It is clear from the record that Mackay used his obviously good mind and legal training to devise and execute frauds of colossal proportions.

Contrary to his recent contentions, the defendant Brewer is no uninformed bookkeeper. The record shows his participation in the frauds, falsehoods and deceits. He was *in pari delicto* and a full partner in carrying out the scheme.

After the long trial of a case fairly presented, the jury found both defendants guilty on each of the 15 separate counts of the indictment.

The writer of this memorandum opinion, who was the sentencing judge, does not impose prison sentences in many cases. His philosophy is that sending a defendant to prison does neither the defendant nor society any good. In many instances, prison affords a full course in advanced criminality. And, on return to life in society, the adjustments after a term in prison are enormously difficult.

Notwithstanding the foregoing, the writer, who sentenced Mackay and Brewer, believes there are certain types of crimes that are particularly dangerous to the citizenry. These crimes are not limited to crimes of violence in which bank robbers or skyjackers go around putting innocent people's lives in danger at the point of a gun. In recent years, and especially in Salt Lake City and the rest of Utah, fraudulent schemes have been worked upon widows, the aged, and others whose life savings, in many cases and in large amounts, have been pilfered by well-dressed, church-going, slick-spoken con men These con men, with their insinuating graces, using their social and church connections, pauperize credulous people living out the evenings of their lives solely on their savings. This is what the Mackay and Brewer case is all about, as the record discloses.

The scheme perpetrated by Mackay and Brewer was more subtle, more devious than the garden variety fraud, because Mackay and Brewer were more ingenious and more resourceful. They didn't go around to individual policyholders of the insurance company to

steal their money. Instead, Mackay and Brewer stole the entire insurance company, which is a more socially dangerous act than bank robbery or skyjacking.

Recently, Mackay and Brewer have contended in written statements to the trial court that no one has been substantially damaged by the massive fraud which they perpetrated. If this is true, it is only because alert officials conducted a thorough-going investigation of their activities, and the State of Utah with the aid of some excellent lawyers (not in the Utah Attorney General's Office, but employed as Special Assistant Attorneys General) was able with the assistance of the courts to recover for the policyholders much of what they otherwise would have lost.

Mackay and Brewer's argument that they should be placed on probation or sentenced to shorter terms because no one was substantially damaged by their massive fraud is not unlike a bank robber's contention that he should be acquitted because he dropped the loot inside the bank during his hasty exit. Neither argument reaches the seriousness of the socially dangerous conduct involved in the respective criminal activity.

The judge, who tried the case and sentenced the defendants, respectfully is unable to concur in the Tenth Circuit's February 4th opinion that "We do, however, deem the 15 consecutive sentences as to each of the defendants to be unconscionably excessive, so much so that we consider it necessary to partially remand the case for the purpose of giving the court an opportunity to reconsider the sentences."

In accord with the Tenth Circuit's mandate, the trial court has reconsidered the sentences. In the light of the whole record in this case, the trial court believes that the five years in prison which Mackay and Brewer will serve before being released on parole is little enough. It is unnecessary, of course, to remind the judges of the Court of Appeals who sat on the February 4th panel

that under the parole system of the Bureau of Prisons Mackay and Brewer will be paroled normally in one-third of the time sentenced. Perhaps it is necessary to inform the judges of the Court of Appeals that the maximum sentence which could have been imposed on Mackay and Brewer was 57 years' imprisonment and a fine of $69,000. See United States v. Sierra, 452 F.2d 291 (10th Cir. 1971).

This judge is persuaded that the foregoing is a fair summarization of the record, including the pre-trial proceedings, the trial, the post-trial motions, the investigative reports of the government agencies, and the reports of the court's own probation officer who prepared the presentence report. I regret, exceedingly, that I do not have the time or resources to document this memorandum opinion by a full and thorough reference to the record.