UNITED STATES of America,
Plaintiff-Appellee,

v.

Darrell Gene MALICOATE,
Defendant-Appellant.

No. 74–1458.

United States Court of Appeals,
Tenth Circuit.

Argued March 26, 1975.

Decided July 28, 1975.

O. B. Johnston, III, Asst. U. S. Atty.,
Oklahoma City, Okl. (William R. Burkett,
U. S. Atty., and Jeff R. Laird, First Asst. U.
S. Atty., Oklahoma City, Okl., on the brief),
for plaintiff-appellee.

Charles S. Holmes, Tulsa, Okl. (Doyle &
Holmes, Tulsa, Okl., on the brief), for de-
fendant-appellant.

Before LEWIS, Chief Judge, and BREIT-
ENSTEIN and McWILLIAMS, Circuit
Judges.

McWILLIAMS, Circuit Judge.

Darrell Gene Malicoate was charged by
information with conspiracy and so-called
"record piracy" in violation of 18 U.S.C.
§ 371 and 17 U.S.C. §§ 101(e) and 104. A
jury convicted Malicoate on the conspiracy
count, and on most, though not all, of the
substantive counts of record piracy. The
issue here presented arises from the fact
that the information contained an errone-

ous citation of the statute. Malicoate argues that this "ambiguity" in the information was not cleared up until after closing arguments when the trial court gave its instructions to the jury, and that as a result of this continuing uncertainty he was substantially prejudiced and entitled to a new trial. We do not agree.

In count one of the information Malicoate was charged with conspiring to violate 17 U.S.C. §§ 101(e) and 104. In nine additional counts Malicoate was charged with "wilfully and for profit manufacturing for sale and [having] sold copies of *copyrighted sound recordings* * * * in violation of Sections 101(e) and 104 of Title 17, United States Code." (Emphasis added). The reference to 17 U.S.C. § 101(e) was in error, and the reference should have been to 17 U.S.C. § 1(f), not 17 U.S.C. § 101(e).

Section 101(e) prohibits the unlawful copying of copyrighted works, whereas § 1(f) is directed to the protection of copyrighted sound recordings. As indicated, the language of the information consistently referred to infringement by Malicoate of the copyrighted sound recordings of others. So, the language of the information is the language of § 1(f), but the information erroneously cited § 101(e).

■ An error in the citation of a statute, or its omission, is not grounds for dismissal of an indictment or information, nor is it grounds for reversal of a conviction unless the error or omission misleads the defendant to his prejudice. Fed.R.Crim.P. 7(c)(3). *United States v. DePugh,* 452 F.2d 915 (10th Cir. 1971), *cert. denied,* 407 U.S. 920, 92 S.Ct. 2452, 32 L.Ed.2d 805 (1972). Malicoate contends that he was thus misled. We do not believe the record before us bears out his contention.

Malicoate filed a motion to dismiss the information, setting forth three grounds therefor: (1) Insufficient facts to constitute an offense under the laws of the United States; (2) the information was vague, ambiguous and indefinite; and (3) the statutes relied on, namely 17 U.S.C. §§ 101(e) and 104, are unconstitutional. In denying the

motion to dismiss the trial court commented as follows:

In count 1 of the Information the object of the conspiracy is specifically defined and 8 overt acts to accomplish the same are set forth. This count sufficiently advises the defendant of what he must be prepared to meet. For each of counts 2 through 10 it is respectively alleged that a *particular copyrighted sound recording* identified by name, artist, copyright owner, and registration number was manufactured and sold by the defendant. Each such *sound recording* is alleged to have been first fixed and published with requisite notice of copyright after February 15, 1972 and duly registered in the United States Copyright Office under the specified registration numbers in Class N, pursuant to the provisions of Title 17, United States Code. It is alleged that such manufacture and sale was done without authorization and wilfully and for profit. Each count of the Information clearly informs the defendant of the precise offense of which he is accused so that he may prepare his defense and so that a judgment thereon will safeguard him from a subsequent prosecution for the same offense. No more is required. *United States v. Debrow,* 346 U.S. 374 [74 S.Ct. 113, 98 L.Ed. 92] (1953). Under the allegations contained in the Information we do not perceive how the defendant could possibly be misled as to the offenses with which he stands charged. (Emphasis added).

It is clear to us, then, as we believe it must have been to Malicoate, that regardless of the statutory citation Malicoate knew at the time his motion to dismiss was denied that he was charged with the infringement of a copyrighted sound recording, and not the infringement of the musical composition or sheet music behind the recording.

A transcript of the testimony adduced upon trial is not a part of the record before us. However, the record does contain certain colloquy between court and counsel prior to closing argument, as well as the

instructions given the jury. Prior to closing arguments the trial judge advised counsel that he proposed to instruct the jury as to the essential elements of the various counts in the information as follows:

    \*   \*   \*   Essential elements of conspiracy, four; first, formed, existing; the Defendant knowingly became a member; one of them committed at least one of the overt acts as alleged and the overt act was committed further in the object of a conspiracy.

    Essential elements of the other counts; first, *sound recording* is copyrighted; second, the same is infringed by unauthorized duplicating of the same by the Defendant as charged; infringement was for profit; and the infringement was willful; four essential elements. (Emphasis added).

Counsel made no objection to the instructions which the trial court thus proposed to give the jury. So, from the foregoing statement made by the trial court prior to closing argument, Malicoate must have again clearly understood that the several charges related to the infringement of copyrighted sound recordings, and not the infringement of musical works or compositions.

After closing argument the trial court instructed the jury as to the essential elements of the various counts in the information in the following language:

    In order to establish the offense of conspiracy charged in the Information, the evidence must show beyond a reasonable doubt:

    First: That the conspiracy described was formed and was existing at or about the time alleged; Second: That the accused knowingly and wilfully became a member of the conspiracy; Third: That one of the conspirators thereafter knowingly committed at least one of the overt acts charged in the information, at or about the time and place alleged; and Fourth: That such overt act was committed in furtherance of some object or purpose of the conspiracy as charged.

    \*   \*   \*   \*   \*   \*

    In order to establish the offense of willful infringement for profit as charged in the Information herein, the Government is required to establish beyond a reasonable doubt four essential elements which are as follows:

    First: A *sound recording* was copyrighted, Second: The same was infringed by the unauthorized printing, reprinting, dubbing, duplicating, copying or vending of the same by the Defendant on trial as charged. Third: The infringement was for profit, and, Fourth: The infringement was willful. (Emphasis added).

Counsel for Malicoate objected to the court's instruction on "aiding and abetting," which matter plays no part in the present appeal. Counsel also objected on the grounds that the court during the course of its instructions had made some reference to the reproducing *or* selling of the copyrighted recordings, whereas the statute, i. e., § 1(f), refers to "reproduce *and* distribute." (Emphasis added). The trial court agreed to this suggestion and called the jury back and further instructed the jury as to the essential elements of the substantive crimes as follows:

    In order to establish the offenses of willful infringement for profit as charged in the information herein the Government is required to establish beyond a reasonable doubt four essential elements which are as follows:

    First, a *sound recording* was copyrighted. Second, the same was infringed by the unauthorized *reproduction and distribution* of same by the Defendant on trial as charged. Third, the infringement was for profit. Fourth, the infringement was willful. (Emphasis added).

Counsel concedes that the jury was ultimately correctly instructed as to the essential elements of the several courts, but asserts that such came too late to permit him to adequately defend. Without belaboring the matter, we are firmly convinced that Malicoate was not misled, prejudicially or otherwise, by the error in statutory citation. He knew he was charged with infringing on

the copyrighted sound recordings of others. Under the circumstances the erroneous citation of the statute is not grounds for reversal of the conviction.

In his brief Malicoate challenged the legality of a search in which certain recordings were seized. This issue was withdrawn upon oral argument.

Counsel also complains that Malicoate was given a sentence which was more severe than that given his coconspirator, who pleaded guilty and testified in behalf of the prosecution. Malicoate was placed on two years' probation and fined a total of $5000. The sentence thus imposed is well within the statutory limits of § 104 and cannot be disturbed by us. *United States v. Sierra*, 452 F.2d 291 (10th Cir. 1971).

Judgment affirmed.