UNITED STATES of America, Plaintiff-Appellee,

v.

Joe Linden BLANTON, Defendant-Appellant.

No. 75–1082.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 15, 1975.

Decided Dec. 29, 1975.

As Amended April 6, 1976.

Certiorari Denied April 19, 1976. See 96 S.Ct. 1666.

O. B. Johnston III, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl. on the brief), for plaintiff-appellant.

Bruce H. Harlton, Jr., Tulsa, Okl. (Doyle & Holmes, on the brief), for defendant-appellant.

Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

Joe Linden Blanton, Joseph Burton Bodin and William Albert Bodin were jointly charged with conspiracy to willfully, and for profit, infringe the copyright of sound recordings copyrighted pursuant to Title 17, United States Code, by manufacturing and selling copies of such recordings without authorization of the copyright owners, in violation of 17 U.S.C. §§ 1, 101(e) and 104. The three were also. jointly charged in twenty-six additional counts with infringement of twenty-six copyrighted sound recordings in violation of 17 U.S.C. §§ 1, 101(e) and 104. Prior to trial Joseph Bodin pleaded guilty to the conspiracy count, and we are advised that the remaining charges against him were dismissed, as well as all charges against his son, William Bodin. At Blanton's trial, William Bodin testified as a Government witness. Blanton was acquitted by a jury on the conspiracy count, but was convicted on seventeen substantive counts. Blanton was sentenced to six months incarceration, and in addition was fined $200 on each of the seventeen substantive counts. He now appeals. We affirm.

As indicated, Blanton was charged with the unlawful copying of sound recordings in violation of 17 U.S.C. § 101(e). The reference to 17 U.S.C. § 101(e) was in error. Section 101(e) prohibits the unlawful copying of copyrighted works, as contrasted to copyrighted sound recordings. It is 17 U.S.C. § 1(f) which affords protection to copyrighted sound recordings. So, the language of the information charged an in-

fringement of the copyrighted sound recordings of others, but erroneously referred to § 101(e), instead of § 1(f). This error is not fatal.

An error in the citation of a statute, or its omission, is not grounds for dismissal of an indictment or information, nor is it grounds for reversal of a conviction unless the error or omission misleads the defendant to his prejudice. Fed.R.Crim.P. 7(c)(3). *United States v. DePugh,* 452 F.2d 915 (10th Cir. 1971), *cert. denied,* 407 U.S. 920, 92 S.Ct. 2452, 32 L.Ed.2d 805 (1972).

Our study of the present record leads us to conclude that Blanton was not misled to his prejudice by the erroneous statutory citation. The conspiracy count and all twenty-six substantive counts referred to the infringement of copyrighted sound recordings. Each of the substantive counts identified the sound recording by name, artist, copyright owner and registration number. There is no reference to any infringement of the musical work or composition behind the recording. We recently rejected this identical argument made in another criminal prosecution also arising out of the Western District of Oklahoma. *See United States v. Malicoate,* 531 F.2d 439 (10th Cir. 1975). We adhere to the rationale of *Malicoate.*

Blanton was acquitted on the conspiracy charge, but convicted on seventeen substantive counts. Counsel argues that the acquittal on the conspiracy charge precludes a conviction on the substantive counts and that to permit these convictions to stand would constitute double jeopardy. Such argument ignores the difference between one who is a conspirator and one who aids and abets the principal. The latter, under the applicable statute, his himself deemed a principal, not a conspirator. 18 U.S.C. § 2. "Aider" and "abettor" are not terms which necessarily presuppose the existence of a prior conspiracy. An aider or abettor is one who "consciously shares in a criminal act," and such person is to be punished as a principal, "regardless of the existence of a conspiracy." *See Pereira v. United States,* 347 U.S. 1, 11, 74 S.Ct. 358,

364, 98 L.Ed. 435, 445 (1954), and *Nye & Nissen v. United States,* 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949).

As above mentioned, Blanton was sentenced to six months, and in addition fined $200 on each of the seventeen substantive counts on which he was convicted. His codefendant, Joe Bodin, who pleaded guilty to conspiracy and had the remaining counts dismissed, was later sentenced to one year probation, and fined $500. Blanton complains about the disparity in sentences. The maximum sentence that could have been imposed on Blanton was one year imprisonment and a fine of $1000 on each count. 17 U.S.C. § 104. The sentence thus imposed on Blanton is well within the statutory limit and cannot now be disturbed by us. *United States v. Sierra,* 452 F.2d 291 (10th Cir. 1971).

Blanton also asserts that his conviction should be reversed because of improper and prejudicial comment by the Government prosecutor in his closing argument. The charge is that the Government was guilty of "bush league" tactics. This is sheer hyperbole and find no support in the record. In his closing argument counsel argued that Blanton in selling the copies of copyrighted sound recordings had no guilty knowledge, and that he, Blanton, had relied on Bodin's statement that everything was "above board." In rejoinder the Government attorney simply observed that there was no testimony to support this statement. Such in our view is not improper comment concerning Blanton's failure to testify. Blanton indeed had the right not to testify, but such does not permit defense counsel to thereafter in effect testify in behalf of his client through the medium of closing argument. We find no reversible error in the closing argument of Government counsel.

The final ground urged for reversal is the alleged insufficiency of the evidence. In this regard an FBI agent by way of routine investigation advised Blanton, along with others, of the 1972 amendment which afforded protection to copyrighted sound recordings. Notwithstanding such warning,

the Bodins thereafter manufactured the infringing tapes which Blanton then distributed by selling them at a profit. Also, Bodin testified that on occasion Blanton even brought him the "master" tapes from which duplications were made. The state of the record is such as to permit the jury to infer, as it did, that there was "willful involvement" on the part of Blanton.

Judgment affirmed.