**UNITED STATES of America, Appellee,**

v.

**Richard TAXE, Appellant.**

No. 77–1720.

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1978.

Rehearing Denied March 27, 1978.

Certiorari Denied May 22, 1978.
See 98 S.t. 2265.

---

Morris Lavine, Los Angeles, Cal., for appellant.

J. Stephen Czuleger, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

PER CURIAM:

Richard Taxe was convicted of twenty counts of willful infringement of copyrights for profit, 17 U.S.C. §§ 1(f), 101(e), 104; one count of conspiracy, 18 U.S.C. § 371; and five counts of mail fraud, 18 U.S.C. § 1341. He received concurrent four-year sentences of imprisonment and a $1,000 fine on each of the mail-fraud counts. He was sentenced to one year's imprisonment and a $1,000 fine for the conspiracy count and each of three of the willful-infringement counts, with time to run concurrently with the mail-fraud counts. On the remaining counts he was fined $1,000 each and placed on probation.

■ Taxe sought under Fed.R.Crim.P. 35 to have his sentence reduced. He raised numerous grounds, including some already considered and rejected in his direct appeal.[1] His primary argument in the present appeal is that the court abused its discretion because his violations of the copyright statute constituted a course of conduct and not separate criminal violations.

The government argues that the twenty acts of willful infringement for profit should be treated as they would be treated in a civil context.

The relevant statute is 17 U.S.C. § 104:

"Any person who willfully and for profit shall infringe any copyright secured by this title, or who shall knowingly and willfully aid or abet such infringement, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by imprisonment for not ex-ceeding one year or by a fine of not less than $100 nor more than $1,000, or both, in the discretion of the court: * * *."

In *United States v. Blanton*, 531 F.2d 442 (10th Cir. 1975), a sound-recording case, the court affirmed a conviction of seventeen counts of willful infringement of copyrights for profit. Blanton was sentenced to six months' incarceration and was additionally fined $200 on each count. That court was not presented with the argument Taxe advances here, but commented that "[T]he maximum sentence that could have been imposed on Blanton was one year imprisonment and a fine of $1,000 on each count, 17 U.S.C. § 104." 531 F.2d at 444.

The legislative intent behind the Sound Recording Act of 1971 was to eliminate record piracy. To this end 17 U.S.C. § 101(e) was amended to allow for criminal prosecution under 17 U.S.C. § 104. To allow a series of discrete violations to merge into a "course of conduct" and be treated as a single offense would vitiate the deterrent effect of the statute.

Taxe was the key figure in a million-dollar record-piracy scheme. He copied for resale twenty separate albums, each containing copyrightable material. We need not address ourselves to the question of separate copyrightable material on the same tape or disc, or to the 1974 amendment, or the present 17 U.S.C. § 506, as those matters either were dealt with on the first appeal or are irrelevant here.

The result here is consonant with prosecutions under 17 U.S.C. § 104 for illegal appropriation of motion-picture property. In *United States v. Wise*, 550 F.2d 1180 (9th Cir. 1977), we affirmed a conviction of four counts of willful infringement of copyright for profit. The difference between copying tapes of "The Divine Miss M" and "Diamond Girl" is little different from copying sound and films of "The Exorcist" or "The Sting". Each crime had its own subject

---

1. *United States v. Taxe*, 540 F.2d 961 (9th Cir. 1976), *cert. denied*, 429 U.S. 1040, 97 S.Ct. 737, 50 L.Ed.2d 751 (1977).

matter, its own hoped-for profit, and now its own punishment.

■ Taxe argues that the sentence constitutes cruel and unusual punishment and that it is disproportionate to that of a codefendant. The statute gives notice of the potential punishment. The sentence imposed is within statutory limits. Four years for willful and repeated thievery is not cruel or unusual. A codefendant who was convicted on fewer counts and who may have had a lesser role in the scheme received a lesser sentence. This disparity does not necessarily reflect adversely upon either sentence.

Other issues raised were dealt with on the direct appeal, or were never presented below and are not properly before us on a review of a Rule 35 proceeding. There was no abuse of discretion.

Affirmed.