UNITED STATES of America,
Plaintiff-Appellee,

v.

Anthony Ferguson KAISER,
Defendant-Appellant.

No. 78–1796.

United States Court of Appeals,
Tenth Circuit.

Submitted May 17, 1979.

Decided June 4, 1979.

Joseph F. Dolan, U. S. Atty. and Nancy E. Rice, Asst. U. S. Atty., Denver, Colo., for plaintiff-appellee.

Robert Bruce Miller of Miller & Gray, P.C., Boulder, Colo., for defendant-appellant.

Before McWILLIAMS, McKAY and LO-GAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

Anthony Kaiser was convicted by a jury of distributing a controlled substance, namely amphetamine, in violation of 21 U.S.C. § 841(a)(1). In the indictment, amphetamine was described as a Schedule III controlled substance. This was an error, be it typographical or otherwise, as amphetamine is a Schedule II controlled substance, rather than Schedule III.*

At the conclusion of all the evidence, defense counsel moved for a judgment of acquittal on the ground that the Government had failed to show that amphetamine was a Schedule III controlled substance, as stated in the indictment. This motion was denied. Thereafter, counsel sought, but was denied, an instruction to the effect that Kaiser should be found not guilty unless the Government proved that amphetamine was a Schedule III controlled substance.

On appeal the only matter urged as ground for reversal relates to the fact that the indictment mistakenly listed amphetamine as a Schedule III controlled substance, whereas in fact it is a Schedule II controlled substance. Such does not warrant a reversal.

> Fed.R.Crim.P. 7(c)(3) provides as follows: Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

Describing amphetamine as a Schedule III controlled substance, when actually it is a Schedule II controlled substance, is a type of "error" contemplated by Rule 7(c)(3). Such error, under the rule, is not ground for reversal of a conviction on appeal unless the defendant was misled to his prejudice. There is nothing in the present record to indicate that Kaiser was misled to his prejudice. Kaiser, along with three others, was charged with unlawfully, knowingly and intentionally distributing amphetamine on or about August 24, 1977, in Denver, Colorado in violation of 21 U.S.C. § 841(a)(1) and 18

U.S.C. § 2. Thus, Kaiser was clearly apprised of the transaction relied on by the Government. Had Kaiser been acquitted, he had adequate protection against being tried again on the same transaction. Of course, Kaiser was not acquitted, but was convicted, and now appeals that conviction.

In support of our disposition of the matter, see *United States v. Walker*, 557 F.2d 741, at 746 (10th Cir. 1977); *United States v. Malicoate*, 531 F.2d 439 (10th Cir. 1975); and *Robbins v. United States*, 476 F.2d 26 (10th Cir. 1973).

Judgment affirmed.

---

* Amphetamine was by statute listed as a Schedule III controlled substance. 21 U.S.C. § 812. Pursuant to 21 U.S.C. § 811, amphetamine was reclassified as a Schedule II controlled substance. 21 C.F.R. § 1308.12.