**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

IRAK CORONA,

    Defendant-Appellant.

No. 96-2241
(D.C. No. CR 96-336-BB)
(N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Irak Corona pled guilty to possession with intent to distribute "a quantity of Amphetamine," in violation of 21 U.S.C § 841(a)(1). Rec., vol. I, doc. 51. In the superseding indictment and the plea agreement, the government cited the sentencing provision governing Schedule III controlled substances, 21 U.S.C. § 841(b)(1)(D), and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

described amphetamine as a Schedule III controlled substance. This was error, however, as amphetamine is in fact a Schedule II controlled substance.

At the sentencing hearing held on September 24, 1996, defense counsel objected to that part of the presentence report which described amphetamine as a Schedule II controlled substance, and argued that the court was bound to sentence Mr. Corona in accordance with the superseding indictment's description of amphetamine as a Schedule III controlled substance. The government acknowledged the erroneous description of amphetamine in the superseding indictment and offered to allow Mr. Corona to withdraw his guilty plea without objection. Mr. Corona chose not to withdraw his plea, stating he would appeal should the court sentence him pursuant to Schedule II. In sentencing Mr. Corona under Schedule II, the district court recognized that amphetamine is a Schedule II stimulant under 21 C.F.R. § 1308.12 and held that it was obligated to follow the Code of Federal Regulations in effect at the time of sentencing.

On appeal, Mr. Corona contends his sentence should be reversed because the government "stipulated" that amphetamine was a Schedule III controlled substance and should be bound by its agreement for purposes of sentencing. We disagree.

Federal Rule of Criminal Procedure 7(c)(3) states:

> **Harmless Error**. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of the conviction if the error or omission did not mislead the defendant to the defendant's prejudice.

Fed. R. Crim. P. 7(c)(3). We have previously held that the erroneous description of amphetamine as a Schedule III controlled substance is an "error" contemplated by Rule

7(c)(3). "Such error, under the rule, is not ground for reversal of a conviction on appeal unless the defendant was misled to his prejudice." United States v. Kaiser, 599 F.2d 942, 943 (10th Cir. 1979).

Although in this case, Mr. Corona is asking that his *sentence*, rather than his *conviction*, be reversed due to the government's error, the logic of Kaiser nevertheless applies to errors in an indictment or plea agreement that affect sentencing. As long as Mr. Corona was not misled to his prejudice by the superseding indictment and plea agreement, the error in describing amphetamine as a Schedule III controlled substance was harmless. See United States v. Greenwood, 974 F.2d 1449, 1472 (5th Cir. 1992) (erroneous description of methamphetamine as Schedule III substance did not dictate sentence where elements of relevant statutory offense charged were adequately described in the indictment).

Mr. Corona does not argue that he was misled, nor do we find anything in the record to indicate that he was. Mr. Corona admits that the plea agreement he signed referred to possession with intent to distribute "a quantity of Amphetamine." Amphetamine has been listed by the Code of Federal Regulations as a Schedule II controlled substance since 1971, and we have repeatedly held that such classification is proper. See United States v. Killion, 7 F.3d 927, 935 (10th Cir. 1993); United States v. Lafoon, 978 F.2d 1183, 1184-85 (10th Cir. 1992); United States v. Sullivan, 967 F.2d 370, 372-73 (10th Cir. 1992). Mr. Corona's claim that the government stipulated amphetamine is a Schedule III substance also fails. The plea agreement signed by Mr. Corona specifically states that "[s]entencing is pursuant to the Sentencing Reform Act

of 1984, making the sentencing guidelines applicable" and that "[t]he United States has made, and will make, NO AGREEMENT pursuant to Rule 11(e)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case." The plea agreement contains a separate section headed "stipulations" which refers only to the defendant's affirmative acceptance of responsibility for his criminal conduct, entitling him to a reduction of three levels from the base offense level as calculated under the sentencing guidelines. Moreover, inasmuch as Mr. Corona's decision to plead guilty rested on his belief that amphetamine was a Schedule III controlled substance, any resulting prejudice was cured by the government's offer prior to sentencing to allow him to withdraw his plea.

Because Mr. Corona was not prejudiced as a result of the erroneous description of amphetamine in the superseding indictment and plea agreement as a Schedule III controlled substance, we **AFFIRM** the district court's application of the sentencing guidelines.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge