PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

NORA ARANDA,

        Petitioner-Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 04-9000

**APPEAL FROM AN ORDER
OF THE UNITED STATES TAX COURT
(T.C. No. 5168-02)\***

R. "Trey" Arvizu, III, Arvizu Law Office, P.C., Las Cruces, New Mexico, for
Petitioner-Appellant.

Eileen J. O'Connor, Assistant Attorney General, Bruce R. Ellisen and Carol
Barthel , Attorneys, United States Department of Justice, Tax Division,
Washington, D.C., for Respondent-Appellee.

Before **EBEL**, **HARTZ**, and **McCONNELL**, Circuit Judges.

**HARTZ**, Circuit Judge.

    \*After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Nora Aranda appeals from the Tax Court's order declining to grant her additional innocent-spouse relief from her 1985 and 1986 tax liabilities. Her dispute with the Commissioner concerns the effect of the innocent-spouse relief she received from the Internal Revenue Service (IRS) Appeals Office under 26 U.S.C. § 6015. The Commissioner contends that the relief simply abates the fraud penalty plus interest. She contends that the relief abates her underlying tax liability, resulting also in a reduction in what she owes in penalties and interest, which are computed as a percentage of the underlying tax. Reviewing this legal question de novo, *see Jonson v. Comm'r*, 353 F.3d 1181, 1183 (10th Cir. 2003), we affirm the Tax Court.

The parties stipulated to the facts in the Tax Court. Ms. Aranda filed joint tax returns with her then husband, Domingo P. Aranda, for the years 1985 and 1986, the only tax years at issue in this appeal. In 1988 he was convicted of drug offenses and sentenced to 24 years' imprisonment. Ms. Aranda was not charged with any offense. The Commissioner issued notices of deficiency for 1985 and 1986. After abatements the Commissioner assessed the Arandas for substantial tax deficiencies and additions to tax, including fraud penalties under 26 U.S.C. § 6653(b) of $8,006.41 for 1985 and $22,157.87 for 1986.

In 1999 Ms. Aranda divorced Mr. Aranda. A few months later she requested innocent-spouse relief from her tax liabilities for 1985 and 1986. After the IRS District Director denied relief under 26 U.S.C. § 6015(b), (c), and (f), Ms. Aranda appealed. The IRS Appeals Office issued a notice of determination granting her partial relief in the amounts of $8,006.41 plus interest for 1985 and $22,157.87 plus interest for 1986—the amounts of the fraud penalties for those years. Although the notice did not reference § 6653(b)(4) (1985) (later codified as § 6653(b)(3) (1986) and then superseded in 1989 by § 6663(c)), that section provided that a spouse will not be liable for a fraud penalty with respect to a joint return unless part of the underpayment of tax is due to that spouse's fraud.

Ms. Aranda then petitioned the Tax Court for a redetermination, requesting relief in the entire amount of the tax deficiencies, penalties, and interest. In her Tax Court opening brief, however, her only argument relevant to this appeal was that the partial relief she had received was not an abatement of the fraud penalties plus interest, but rather was an abatement of part of her tax deficiency for each year, which would lead to a corresponding proportionate abatement of the penalties and interest for that year. Responding to this argument, the Tax Court stated: "Although the notice of determination does not clearly state that the relief provided by [the Commissioner] was relief from the additions to tax for fraud and related interest, nor does it mention section 6653(b), the amounts listed in the

-3-

notice of determination correspond exactly to the amounts of the additions to tax

for fraud assessed with respect to 1985 and 1986, and the relief granted to

[Ms. Aranda] is consistent with a determination made under section 6653(b)(4)."

T.C. Memo 2003-306 (#5168-02, 11/5/03) at 9-10.

## DISCUSSION

This appeal would be trivial if not for a statutory reference in the Appeals

Office notice granting relief to Ms. Aranda. The notice states that relief is

granted under "§ 6015(b)." [1] Ms. Aranda argues that relief under that section must

---

[1] The full text of the notice, other than a description of Ms. Aranda's right to further review in the Tax Court, is:

> We've made a decision about your appeal request for innocent spouse relief.
>
> We call the decision we made a determination. When we abate a tax or penalties or interest we call it relief from the liability. Joint and several liability is when the two people who signed the return are both responsible for paying the tax.
>
> Internal Revenue Code Section 6015 allows us to abate in full or in part a tax liability when we determine that someone qualifies as an innocent spouse. We've determined you are granted partial relief for the tax years shown above.
>
> We find you eligible for relief under Section 6015(b) in the amount of $8,006.41 plus interest for 1985 and $22,157.87 plus interest for 1986. The 1987 liability has been paid in full and therefore no relief has been granted.

R. Exh. 9-J.

(continued...)

be for the underlying tax liability, not a fraud penalty, so the amounts stated in the notice—$8,006.41 plus interest for 1985 and $22,157.87 plus interest for 1986—must be subtracted from that liability, with the fraud penalty being reduced proportionately because it is tied to the tax liability. We agree with her interpretation of § 6015(b), but disagree with respect to the consequences in this case.

Section 6015(b) states:

(b) Procedures for relief from liability applicable to all joint filers.—

   (1) In general.—Under procedures prescribed by the Secretary, if—
      (A) a joint return has been made for a taxable year;
      (B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;
      (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;
      (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and
      (E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,

_____

[1](...continued)

-5-

then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.

       (2) Apportionment of relief.—If an individual who, but for paragraph (1)(C), would be relieved of liability under paragraph (1), establishes that in signing the return such individual did not know, and had no reason to know, the extent of such understatement, then such individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to the portion of such understatement of which such individual did not know and had no reason to know.

       (3) Understatement.—For purposes of this subsection, the term "understatement" has the meaning given to such term by section 6662(d)(2)(A) .

Ms. Aranda acknowledges that the relief granted her was not under § 6015(b)(1), because she was not relieved of *all* liability for the understatement of tax on the 1985 and 1986 returns.  We thus confine our attention to § 6015(b)(2).

For relief under § 6015(b)(2), there must be an understatement of tax, a portion of which the claimed innocent spouse did not know or have reason to know.  An understatement is "the excess of . . . the amount of the tax required to be shown on the [tax] return . . . over . . . the amount . . . shown on the return." 26 U.S.C. § 6662(d)(2)(A);  *see* § 6015(b)(3) (incorporating definition in § 6662(d)(2)(A)).  This definition does not include amounts imposed for fraud penalties, because a fraud penalty is not an amount required to be shown on the tax return.  Rather, the Commissioner assesses fraud penalties only after

-6-

determining an underpayment is based on fraud. *See* 26 U.S.C. § 6653(b) (1985 & 1986). Although it is true, as the Commissioner argues, that under 26 U.S.C. §§ 6601(e)(1) and (2) and 6665(a)(2), interest and fraud penalties are treated as taxes, that treatment is irrelevant here. Relief under § 6015(b)(2) is available only upon a finding that the innocent spouse did not know or have reason to know of a portion of an understatement of tax on the return; and once the finding is made, the innocent spouse is relieved of liability attributable to that portion. The relief necessarily includes reduction in liability for the underlying tax, as well as penalties and interest applicable to that tax. Relief for just penalties and interest is inconsistent with the statutory language. Thus, the Commissioner had no authority to grant Ms. Aranda partial relief from just her 1985 and 1986 fraud penalties plus interest under § 6015(b)(2). To grant relief under that section the Commissioner would have had to (1) find that Ms. Aranda had not known of a portion of the understatement on the return and then (2) relieve her of liability attributable to that portion, including the underlying tax, plus interest and penalties.

But lack of authority under § 6015(b) to grant relief from solely fraud penalties and interest does not mean that the Appeals Office was powerless to grant such relief under other statutory authority. In particular, § 6015(f) provides:

(f) Equitable relief.—Under procedures prescribed by the Secretary, if—

      (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and

      (2) relief is not available to such individual under subsection (b) or (c), [2]

the Secretary may relieve such individual of such liability.

One could certainly find it inequitable to impose a fraud penalty on an innocent taxpayer when the penalty arises out of fraud by the taxpayer's former spouse. *Cf. Cheshire v. Comm.*, 115 T.C. 183, 197-99 (2000) (spouse not entitled to relief under § 6015(b) or (c) was nonetheless entitled to relief under § 6015(f) from substantial-underpayment penalty), *aff'd on other grounds*, 282 F.3d 326 (5th Cir. 2002). In fact, such relief is required by statute. *See* 26 U.S.C. § 6653(b)(4) (1985); 26 U.S.C. § 6663(c).

Not only may an innocent spouse in general be granted relief from a fraud penalty under § 6015(f), but there was authority to grant such relief in this case. Although Ms. Aranda may not have sought relief under § 6015(f), when one claiming to be an innocent spouse requests relief under § 6015(b), the Commissioner must consider whether that person is entitled to relief under that

---

[2]    Section 6015(c), roughly speaking, permits one who filed a joint return with a former spouse to have his or her tax liability recalculated as if they had filed separate returns. Thus, any relief under this section would need to include relief from the underlying tax and could not consist of solely relief from fraud penalties and interest.

-8-

section or under § 6015(c) and, if relief is unavailable under (b) or (c), whether it is available under § 6015(f). *See* 26 C.F.R. § 1.6015-1(a)(2). Initially, the IRS District Director considered all three subsections and denied relief with respect to all three. The Appeals Office could have agreed that Ms. Aranda did not qualify for relief from any underlying tax under § 6015(b) or (c) but still have found that relief from fraud penalties and interest should be provided under § 6015(f) in accordance with § 6653(b)(4). Ms. Aranda does not argue that the evidence required the IRS to grant her relief under § 6015(b) or (c).

Thus, the only question is not whether the Appeals Office *could* grant relief with respect to only penalties and interest, but whether it *did* do so. We are not concerned with legalities, but with intent. We agree with the Tax Court that the intent was to limit relief to penalties and interest. The equivalence of (a) the dollar amount of relief granted and (b) the assessed penalty could not plausibly be mere coincidence. To be sure, the written decision of the Appeals Office references only § 6015(b). But, as the Tax Court recognized, the notice of determination was "less than carefully drafted." R., Doc. 17 at 9. It is clear that (1) the Appeals Office was granting relief only as to the fraud penalties and interest, (2) such relief was permissible under § 6015(f), and (3) the Appeals Office had a legal duty to consider whether such relief was appropriate. *See*

-9-

26 C.F.R. § 1-6015-1(a)(2).  In this context, we do not think that a reference to only § 6015(b) in the form-letter ruling is dispositive.

Nor do we see any prejudice to Ms. Aranda arising from the miscitation to subsection (b) rather than (f).  It would have been unreasonable to rely on the citation error because the extent of relief granted was clear.  In any event, there was no action for Ms. Aranda to take in reliance on the Appeals Office error; she needed only to pay the amount required by the Commissioner.  Because the amount being demanded by the Commissioner was certain, she could hardly have justified, say, purchasing a home in anticipation of a lesser tax liability.  Absent prejudice, courts have found no reversible error even when a criminal indictment cites an incorrect statute, *see Williams v. United States*, 168 U.S. 382, 389 (1897) (now codified as Fed. R. Crim P. 7(c)(3)); *United States v. Kaiser*, 599 F.2d 942 (10th Cir. 1979) (indictment mistakenly listed amphetamine as Schedule III controlled substance); and in civil cases we treat post-judgment motions for reconsideration in accordance with the grounds for relief relied upon, regardless of whether the applicable rule of civil procedure is cited, *see Jennings v. Rivers*, 394 F.3d 850, 854-56 (10th Cir. 2005).  Likewise, because Ms. Aranda was not prejudiced by the miscitation, she is not entitled to relief.

We AFFIRM the Tax Court's judgment.