**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND L. MCINTOSH,

      Plaintiff-Appellant-
Cross-Appellee,

v.

METROPOLITAN TULSA TRANSIT
AUTHORITY, an Oklahoma Public
Trust,

      Defendant-Appellee-
Cross-Appellant.

Nos. 05-5097 & 05-5113
(D.C. No. 04-CV-0505-CVE-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **McKAY**, and **BALDOCK**, Circuit Judges.

Plaintiff Raymond L. McIntosh appeals from the district court's grant of

defendant Metropolitan Tulsa Transit Authority's (MTTA's) motion for summary

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

judgment and denial of his motion to reconsider.[1] (No. 05-5097) MTTA cross-appeals from the district court's denial of its request for attorney's fees. (No. 05-5113) We review the district court's summary judgment decision de novo, applying the same legal standards that the district court applied. *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191 (10th Cir. 2006). "Summary judgment is proper if the evidence, viewed in the light most favorable to the non-moving party, presents no genuine issue of material fact and the court finds the moving party is entitled to judgment as a matter of law." *Id.* We review the denials of the motions to reconsider and for attorney's fees for an abuse of discretion. *Id.* at 1192 (Fed. R. Civ. P. 59(e) motion); *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1153 (10th Cir. 2002) (attorney's fees). Applying these standards, we affirm.

Mr. McIntosh, a former transit station manager for MTTA, filed an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through § 2000e-17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, alleging that MTTA unlawfully terminated his employment based on race and age discrimination. Because he relied on circumstantial evidence to

---

[1] The district court correctly construed the motion to reconsider as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *See Aranda v. Comm'r*, 432 F.3d 1140, 1145 (10th Cir. 2005) ("treat[ing] post-judgment motions for reconsideration in accordance with the grounds relied upon, regardless of whether the applicable rule of civil procedure is cited").

support his claims, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), provides the appropriate evaluation framework. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002).

> *McDonnell Douglas* first requires the aggrieved employee to establish a prima facie case of prohibited employment action. . . . If the employee makes a prima facie showing, the burden shifts to the defendant employer to state a legitimate, nondiscriminatory reason for its adverse employment action. If the employer meets this burden, then summary judgment is warranted unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual.

*Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005) (quotations and citation omitted).

Both parties and the district court assumed that Mr. McIntosh presented a prima facie case of race and age discrimination. In its motion for summary judgment, MTTA argued that its legitimate, nondiscriminatory reason for terminating Mr. McIntosh's employment was that he used poor supervisory judgment when he fired pepper spray into the women's restroom at the transit station in order to force a woman to leave the restroom and the transit station, thereby exposing MTTA to significant potential expense. We agree with the district court that this was a legitimate, nondiscriminatory reason for terminating Mr. McIntosh's employment.

Proceeding to the third step, summary judgment was warranted only if Mr. McIntosh could "show there is a genuine issue of material fact as to whether

the proffered reason[ was] pretextual." *Id.* Mr. McIntosh argued before the district court and continues to argue on appeal that MTTA's reason was a pretext for discrimination because (1) two of the four people making the termination decision based their decision on the pepper spray incident and additional past problems with him; (2) a white MTTA employee was not terminated or disciplined for accidentally using pepper spray; and (3) if the transit station security guard, a contract employee, had used the pepper spray, he would not have been fired. We conclude that Mr. McIntosh failed to show a genuine issue of material fact regarding pretext.

The record before the district court showed the following uncontradicted, essential facts. On January 31, 2003, Mr. McIntosh fired pepper spray, which he obtained from a security guard, into the women's restroom to force the woman to exit the restroom and the transit station. That same day, Robert Horey, a transit station customer, contacted MTTA to find out what had been sprayed in the transit station, because he had been coughing and having shortness of breath after being exposed to the spray. The report memorializing this contact also noted that Mr. Horey commented that the woman "passed out after going across the street. She was taken away in a[n] ambulance." Aplt. App. at 27. Mr. McIntosh's and another employee's reports of the incident make no mention of how the woman left the transit station area. Aplee. App. at 41, 108. Approximately one week

after the incident, MTTA terminated Mr. McIntosh's employment because he fired the pepper spray. *Id.* at 53. At that time, MTTA clearly had a report in its file stating that the woman was transported to the hospital by ambulance. *See generally Rivera v. City & County of Denver*, 365 F.3d 912, 925 (10th Cir. 2004) (considering pretext issue by looking only at facts as they appeared to employer).

Based on these uncontradicted facts, we conclude the reason for termination was the pepper spray incident. Thus, Mr. McIntosh's first assertion that there were other reasons for his termination fails to raise an inference of pretext for unlawful discrimination. His other two assertions also do not raise an inference of pretext. The other pepper spray incident was dissimilar, because it was an accident that occurred between two employees. MTTA had no authority to fire the security guard, because he was a contract employee. Furthermore, nothing else in the record suggests that Mr. McIntosh's termination was for a discriminatory reason. The district court therefore correctly concluded "that no reasonable fact-finder could rationally find the MTTA's reasons for firing McIntosh unworthy of credence or belief based upon these arguments." Aplt. App. at 7. Because there is no genuine issue of material fact concerning

pretext and because MTTA was entitled to judgment as a matter of law, we affirm the district court's decision granting MTTA's motion for summary judgment.[2]

MTTA argues on cross-appeal that the district court abused its discretion in denying its motion for attorney's fees. After reviewing the appellate briefs, the appendices and the relevant law,[3] we conclude that the district court did not abuse

---

[2] Mr. McIntosh argued in his motion to reconsider that he did not have an opportunity to file a surreply to MTTA's reply, which cited to Mr. Horey's report for the first time. Mr. McIntosh concedes, however, that he received this report on November 20, 2004, more than one month before he filed his response to the motion for summary judgment on January 3, 2005. This shows that Mr. McIntosh had access to the report and time to reflect on it before filing his response. And he knew that MTTA relied in its motion for summary judgment on deposition testimony indicating that the woman had been transported by ambulance to the hospital. For these reasons, as well as for the reasons given by the district court in its order denying the motion to reconsider, we conclude that the district court did not abuse its discretion in denying the motion. *Pippin*, 440 F.3d at 1192 (reviewing denial of motion to reconsider for abuse of discretion).

On appeal, Mr. McIntosh attempts to contradict Mr. Horey's report statement that the woman was transported by ambulance with a new affidavit from Mr. Horey indicating that he did not see an ambulance. This attempt to present new evidence and raise a factual question comes too late. Because Mr. McIntosh did not raise this in the district court or do more than merely state in his motion to reconsider that he could not locate Mr. Horey, we deny Mr. McIntosh's request to supplement the record with the new affidavit. Even if we were to allow supplementation of the record, the result on appeal would be the same, because MTTA terminated Mr. McIntosh's employment for the pepper spray incident regardless of whether the woman was transported to the hospital by ambulance. *Cf. Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1145 n.2 (10th Cir. 2000) (deciding proffered materials were not necessary or helpful to resolution of appeal).

[3] Cross-appellant MTTA failed to include in its appendix copies of the district court pleadings concerning its motion for attorney's fees. *See*

(continued...)

its discretion in denying MTTA's motion for attorney's fees. *See Ferroni*, 297 F.3d at 1153. We affirm the denial for the reasons stated by the district court in its order filed May 17, 2005. *See* Aplt. App. at 15.

The judgment of the district court is AFFIRMED. Mr. McIntosh's motion to include an affidavit in his appendix and to refer to it in his brief is DENIED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3](...continued)
Fed. R. App. P. 30(a)(1)(B) (requiring appellant to include relevant pleadings in appendix); *see also* 10th Cir. R. 30.1(A)(1) (requiring appellant to "file an appendix sufficient for considering and deciding the issues on appeal").