BORDERS et al. v. CAIN et al.

Court of Appeals of Kentucky.
Nov. 13, 1952.

Jesse K. Lewis, Lexington, for appellants.

J. D. Buckman, Jr., Atty. Gen., Hal Williams and William S. Riley, Asst. Attys. Gen., J. Howard Holbert, Elizabethtown, for appellees.

COMBS, Justice.

The legislature, in extraordinary session in 1949, enacted legislation relating to the ad valorem tax system of the state and providing for emergency assessments and reappraisals of property for taxation. Sec-

tion 3, Chapter 5, of the Act, KRS 132.-670, reads.:

"Whenever a county by order of its fiscal court petitions the department for a reappraisal of the properties therein and the department after investigation determines that a reappraisal is necessary, the department shall, according to the comparative need therefor, provide personnel and other assistance to aid the county tax commissioner in accomplishing this result. The Department of Revenue shall prescribe methods and specifications for the reappraisal of property. Personnel authorized to assist in making a county reappraisal under this section may be given the same authority as a deputy tax commissioner. Cities, counties and other taxing districts may make appropriations from their general funds to share expenses incurred for such purposes by the department or for the purpose of employing other assistance, in conducting such reappraisal projects."

Certain taxpayers of the county of Hardin, in this declaratory judgment suit against the Hardin county tax commissioner and others, question the constitutionality of the quoted section of the Act. The lower court adjudged it to be constitutional.

Other sections provide for an appeal from the tax commissioner's assessment to the county board of supervisors, and thence, through designated channels, to this court. The tax commissioner insists the remedy is exclusive and that the taxpayers have no right to maintain this suit. The argument is not without logic but in view of our conclusion the case should be affirmed on its merits, we waive any error in the procedure.

Our attention is called to section 59 of the Kentucky Constitution which prohibits local or special legislation concerning certain designated subjects including:

"Fifteenth: To authorize or to regulate the levy, the assessment or the collection of taxes, * * *.

"Twenty-ninth: In all other cases where a general law can be made applicable, no special law shall be enacted."

Also to the last sentence of section 60 which reads:

"No law" (with certain exceptions not here pertinent) " * * * shall be enacted to take effect upon the approval of any other authority than the General Assembly, unless otherwise expressly provided in this Constitution."

The argument is that the statute becomes effective only upon affirmative action by the fiscal courts of the respective counties and that as there is no assurance such action will be taken in all the counties, the statute not only has the vice of special legislation but is a delegation of legislative power to the fiscal courts. The answer, of course, is that the statute became effective at the time fixed by the Constitution after its passage by the General Assembly. The statute is complete and in full force and effect regardless of the action of the fiscal courts. As was said in a leading Pennsylvania case, Locke's Appeal, 72 Pa. 491, 13 Am.Rep. 716, and quoted with approval in Bloemer v. Turner, 281 Ky. 832, 137 S. W.2d 387, 391: " 'The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.' "

A county, by electing to avail itself of the provisions of the statute, does not exercise legislative power reserved to the General Assembly but merely elects to accept the benefits of legislation already enacted. There are many laws similar in principle. The statute discussed in Johnson v. Commonwealth ex rel. Meredith, 291 Ky. 828, 165 S.W.2d 820, 821, 824, authorized certain departments of the state government, with approval of the Governor, to employ special departmental legal counsel when the department "deems it necessary." It was attacked as being a delegation of legislative power to the de-

partments. In rejecting the argument it was said:

"* * * The taking effect of the Act is not made dependent upon the will of anyone or the arising of any condition. It went into effect fully when approved by the Governor. It does not authorize the departments to create any office or position. The creation is only the authority and that was by the legislature itself. The departments are merely authorized to use the law when they deem it necessary for the good of the service. Its life is not made contingent or conditional. Only its use is. Whether it shall be used or not is the discretion vested in the administrative departments."

Other cases in point are Spahn v. Stewart, 268 Ky. 97, 103 S.W.2d 651; Kerr v. City of Louisville, 271 Ky. 335, 111 S.W. 2d 1046; Ashland Transfer Co. v. State Tax Commission, 247 Ky. 144, 56 S.W.2d 691, 87 A.L.R. 534. Other statutes similar in nature could be mentioned and additional cases cited but we see no necessity to labor the point. Counsel for the taxpayers has isolated and quoted certain general statements from other opinions on the subject of special legislation and delegation of legislative power. When those statements are read in context and in connection with the questions involved they are not inconsistent with the views expressed in this opinion.

The statute is criticized also because, as said in the brief: "It fails to establish any standards to govern or control the Department of Revenue in the fixing of the methods and specification for revaluing and reappraising property for the purpose of taxation." It seems to us the argument is based on two false premises: (1) That the appraisal or reappraisal contemplated by the statute amounts to an assessment, and (2) that the tax commissioner, or assessor, as he was formerly known, is restricted to a particular method in making an assessment.

Each tax commissioner is required by law, KRS 132.450, to assess, at its fair cash value, all property which it is his duty to assess. This statute does not abrogate that right or relieve him from that duty. The assessment when made is the act of the tax commissioner and he is responsible for it. Tax assessors have always received advice and counsel on the valuation of property. The advice might come from a friend, a neighbor, the owner of the property to be assessed, or even from the personnel of the State Revenue Department. One assessor might use one method and another a different method in arriving at the same result. We know of no law which restricts him to one specific method or limits him in his search for advice and counsel. Nor do we know of any law which gives the taxpayer the right to object to the method used so long as the assessment is fair and equitable. If he is dissatisfied with the assessment, his right to have it reviewed on appeal may not be abridged. But this statute is not vulnerable on that score, as another section of the Act provides a method of appeal. If appellants' assessments are too high, the fault lies not in the statute itself but in the administration of the statute and their remedy is by appeal from the assessment.

It is also said that the statute violates sections 27, 28 and 29 of the Constitution. Section 27 deals with the division of governmental powers between the legislative, executive and judicial departments. Section 28 prohibits the exercise by one department of powers allocated to the others. Section 29 provides that the legislative power of the Commonwealth shall be vested in a house of representatives and a senate. We fail to see how this statute could conflict with any of these sections and counsel does not enlighten us on this point.

We find no valid constitutional objection to the statute.

The judgment is affirmed.