**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Maurice Duke MARTIN,**
**Defendant-Appellant.**

**No. 75–1008.**

United States Court of Appeals,
Tenth Circuit.

Nov. 19, 1975.

James L. Treece, U. S. Atty., and Richard P. Slivka, Asst. U. S. Atty., for plaintiff-appellee.

William L. Keating and Ashen & Fogel, Denver, Colo., for defendant-appellant.

Before HILL, SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Maurice Duke Martin was convicted by a jury on both counts of a two-count indictment charging him with the distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Each count was based on a separate transaction. Martin now appeals and urges two grounds for reversal: (1) The evidence is legally insufficient to sustain the verdict of the jury; and (2) the trial court erred in refusing to permit defense counsel to call a witness to the stand and compel that witness to invoke his Fifth Amendment right against self-incrimination in the presence of the jury. In our view neither of these matters warrants a reversal.

An undercover agent for the Drug Enforcement Administration was introduced to Martin, the defendant, by an informant. The agent testified that on two separate occasions he bought what was represented to be heroin from the defendant, on the first occasion purchasing three bags of heroin for $1500, and on the second occasion obtaining several packets containing heroin for $1800. Another agent of the Drug Enforcement Administration testified that he had observed the undercover agent make these two contacts with the defendant, but this agent was too far away to either see or hear what actually transpired. A forensic chemist of the Drug Enforcement Administration testified that the substances in question were in fact heroin. Martin testified in his own behalf, and denied ever selling heroin to the undercover agent, though he did admit that on several occasions he had met with the agent.

In our view the evidence is sufficient to sustain the jury's verdict. Actually the real issue is whether the undercover agent or the defendant is to be believed. The jury chose to believe the agent, and not the defendant. It was the function of the jury to determine the relative credibility of the several witnesses called at trial. *United States v. MacClain,* 501 F.2d 1006 (10th Cir. 1974); *United States v. Brumley,* 466 F.2d 911 (10th Cir. 1972), *cert. denied,* 412 U.S. 929, 93 S.Ct. 2755, 37 L.Ed.2d 156 (1973); and *United States v. Sierra,* 452 F.2d 291 (10th Cir. 1971). And of course at this stage of the proceeding the evidence must be viewed in a light most favorable to the prosecution. Suffice it to say, then, the testimony of the undercover agent is sufficient to sustain the verdict.

Martin was twice tried under this indictment, the jury at the first trial being unable to agree upon a verdict. At the first trial the informant was subpoenaed by defense counsel, and, after taking the witness stand apparently in front of the jury, refused to testify on the grounds that under the Fifth Amendment he could not be compelled to incriminate himself. At the second trial defense counsel also caused a subpoena to be served on the informant. The informant appeared at the second trial of this matter, but informed defense counsel that he would again stand on his Fifth Amendment rights and would refuse to testify. Defense counsel was apparently himself convinced that the informant was again going to refuse to testify, but nonetheless insisted that he had the right to put the informant on the stand and thus compel him to "take the Fifth" in the presence of the jury. The trial court refused to allow this, and later gave the jury a so-called "neutralizing" instruction, which read as follows:

There has been testimony in this case about an informant named Samuel Hudson. As a result of a hearing held outside the presence of the jury,

the Court has determined that Mr. Hudson is not available to be called as a witness by either side in this case.

The jury may not draw any inference from the fact that Samuel Hudson did not appear as a witness in this case.

■ In our view the trial court did not err in refusing to permit the informant to be called to the stand and thus be compelled to invoke his Fifth Amendment rights in the presence of the jury. All concerned knew full well that the informant intended to invoke his Fifth Amendment right not to testify. He had already done so successfully at the first trial. Furthermore, in the trial court it was assumed, if not explicitly agreed to, that the informant's claim of privilege was a valid one. At least defense counsel in the trial court did not in anywise suggest that the informant's claim was invalid. In such circumstance it was well within the discretion of the trial court to refuse to allow the informant to be called to the witness stand and be compelled to thereafter invoke his Fifth Amendment right in the presence of the jury, thereby permitting the jury to draw inferences, whatever they might be, from the mere fact that the witness chose to assert a right given him by the Constitution. And the neutralizing instruction given the jury was proper and served to put the entire matter in context. In support of the foregoing, see *United States v. Lacouture,* 495 F.2d 1237 (5th Cir. 1974), *cert. denied,* 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648; *United States v. Johnson,* 488 F.2d 1206 (1st Cir. 1973); and *Bowles v. United States,* 142 U.S.App.D.C. 26, 439 F.2d 536 (1970).

Counsel asserts that the Tenth Circuit has not as yet spoken definitively on the precise matter at hand and suggests that under the rationale of such cases as *Namet v. United States,* 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963), and *United States v. Coppola,* 479 F.2d 1153 (10th Cir. 1973), the trial court should have required the informant to assert his claim of privilege in front of the jury.

We do not believe that either of these cases dictates a finding that the trial judge in the instant case abused his discretion in handling the matter as he did.

In *Namet,* the Government knew in advance that two witnesses whom it intended to call were intending to invoke their privilege against self-incrimination. It was the Government's position that the claim of privilege was not valid. In this setting the Government called the witnesses in question to the stand in the presence of the jury, and each there asserted a claim of privilege. The claim was sustained, in part, and overruled, in part, and as a result each witness did answer certain questions in the presence of the jury. The Supreme Court held that under the circumstances of that case no reversible error was committed when the prosecutor asked particular questions to which the claim of privilege was sustained. In thus holding the Court observed that no constitutional issues were involved, only a claim of "evidentiary trial error." This observation is equally applicable to the present case. *Namet,* then, is clearly distinguishable on the facts.

We do not deem our opinion in *Coppola* to be particularly supportive of the position here argued for by defense counsel. In *Coppola* a witness was called to the stand by the prosecuting attorney who had prior knowledge that the witness would refuse to testify. The witness, after answering preliminary questions concerning his identity and place and length of residence, asserted his claim of privilege to some eighteen questions, and in each instance the claim was sustained. On review we held that such procedure was "invalid and prejudicial" and constituted reversible error. In *Coppola* we also observed that *Namet* "does not stand for allowing the prosecution to ask various and sundry questions which are certain to produce a claim of privilege and to give rise to an atmosphere of guilt." Thus *Coppola* in our view is actually supportive of the action taken by the trial judge in the instant case.

Judgment affirmed.