**DAIRYLAND INSURANCE COMPANY, Movant,**

v.

**ASSIGNED CLAIMS PLAN (Home Insurance Company) and Daniel D. Briscoe, Commissioner of Insurance, Respondents.**

Supreme Court of Kentucky.

March 29, 1984.

Steven M. O'Brien, III, Larry C. Deener, Landrum & Patterson, Lexington, for movant.

Michael J. Darnell, Louisville, Patrick Watts, Dept. of Ins., Frankfort, for respondents.

GANT, Justice.

On October 30, 1980, Lester Kyle O'Neal, a Tennessee citizen and resident, was injured in an automobile accident as a passenger in an uninsured vehicle. The accident occurred near Franklin, Kentucky, and Mr. O'Neal was seriously injured. The driver and automobile were uninsured, but Mr. O'Neal had a policy of insurance on his automobile which he had left at his home in Tennessee and which was located there at the time of the accident. The policy of insurance was issued by Dairyland Insurance Company. Initially Dairyland made some basic reparation benefit payments to Mr. O'Neal, but subsequently ceased those payments.

Thereafter, Mr. O'Neal's claim for BRB was presented to and paid by Home Insurance Company, through the Assigned Claims Plan. Home then sought reimbursement from Dairyland, the latter denying this request. The matter was submitted to arbitration pursuant to KRS 304.-39–070, which determined that Dairyland was responsible for reimbursement to Home, which decision was affirmed by the Commissioner of Insurance on March 31, 1982. The Franklin Circuit Court granted summary judgment in favor of Home and dismissed Dairyland's petition, which was affirmed by the Court of Appeals.

The sole issue in this case is whether Home Insurance Company, the assignee under the Assigned Claims Plan [KRS 304.-39–160(1)(d) ], or Dairyland Insurance Company, the insurer of the vehicle of the injured, is obligated to pay the basic reparation benefits. Mr. O'Neal was paid his entitled benefits by Home, and is thus not a party to this appeal.

It is our opinion that two statutes in Subtitle 39 of the Insurance Code are determinative of this issue. The first is KRS 304.39–050. Paragraph (1) applies to injury when there is insurance covering the vehicle "occupied by the injured person at the time of the accident."

Paragraph (2) provides that, if the vehicle occupied by the injured person is *not* covered by insurance, "any contract of basic reparation insurance under which the insured person is a basic reparation insured shall apply."

Paragraph (2) is the "uninsured vehicle" provision of the Subtitle and means, quite simply, that if a person is injured by or in an uninsured vehicle his own insurance carrier shall pay his basic reparation benefits. This is true whether his car is at home in its garage in Kentucky or in Colorado on a ski trip.

Moreover, this uninsured vehicle provision is made mandatory under KRS 304.39–100(1), which requires that all policies covering basic reparation benefits shall have the legal effect of including all coverages provided in Subtitle 39.

Dairyland admits that Mr. O'Neal was entitled to BRB under KRS 304.39–030(1), and admits further that, at the time of the injury, while in the uninsured vehicle, Mr. O'Neal was making a "use" of the vehicle within the meaning of the statute and all case law. Cf. *D & B Coal Company, Inc. v. Farmer,* Ky., 613 S.W.2d 853 (1981). It

contends, however, that it had no liability for BRB, as the insured vehicle was not in Kentucky. It bases this insistence upon KRS 304.39-100(2). That statute reads:

An insurer authorized to transact or transacting business in this Commonwealth shall file with the Commissioner of Insurance as a condition of its continued transaction of business within this Commonwealth a form approved by the Commissioner of Insurance declaring that in any contract of liability insurance for injury, wherever issued, covering the ownership, maintenance or use of a motor vehicle other than motorcycles while the vehicle is in this Commonwealth shall be deemed to provide basic reparation benefits coverage and minimum security for tort liabilities as required by this subtitle, except that contract which provides coverage only for liability in excess of required minimum tort liability coverage.

Dairyland had filed the required form under this statute, being authorized to do business in this state. It further states that, had its insured driver driven his vehicle to Kentucky, parked it, embarked in an uninsured vehicle and been injured, its coverage for BRB would apply. It contends, however, that, because the insured vehicle was not within the boundaries of this state, it is not liable. We are of the opinion that this construction of the applicable statute is far too narrow, out of context, and erroneous.

When considered with KRS 304.39-050(2), and the immediate preceding paragraph—KRS 304.39-100(1)—it is obvious that the statute mandates coverage by out-of-state companies which is the same as and commensurate with the coverage of in-state companies. Paragraph (2), as does the first paragraph, requires that all contracts of insurance "shall be deemed to provide the basic reparation benefits and minimum security for tort liabilities required by this subtitle," which subtitle includes uninsured vehicle insurance and requires the carrier of the injured party to pay BRB.

Although perhaps unskillfully drawn, it is our opinion that the statute—KRS 304.39-100(2)—requires coverage by any insurer authorized to transact business in this Commonwealth, which insurance covers basic reparation benefits in all cases required by Subtitle 39, which includes uninsured vehicle insurance, and that the phrase "while the vehicle is in this Commonwealth" merely means that coverage is provided while the vehicle *in which the injury occurs* is in this state. We have long held that riding as a passenger constituted "use" of a vehicle. Applying KRS 304.39-100(2), we find that the injured party had a policy of insurance covering "use of *a* vehicle ... while the vehicle (being used) was in this Commonwealth ...."

The judgment is affirmed.

AKER, GANT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., concurs with result.

STEPHENS, C.J., and STEPHENSON, J., dissent.

STEPHENSON, J., files a dissenting opinion in which STEPHENS, C.J., joins.

STEPHENSON, Justice, dissenting.

I am of the opinion KRS 304.39-100(2) by its plain terms requires that the insured vehicle be in this Commonwealth before Dairyland Insurance Company would be liable. I would reverse the decision of the Court of Appeals and the judgment of the trial court. Accordingly I dissent.

STEPHENS, C.J., joins this dissent.