**Earl CLAYTON, III, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–SC–475–MR.**

Supreme Court of Kentucky.

Jan. 18, 1990.

Rehearing Denied April 26, 1990.

Franklin P. Jewell, Michael C. Lemke, Popkin, Stern & Meyer, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Carol Ullerich, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Clayton of two counts of trafficking in cocaine, subsequent offense. He was sentenced to a total of forty years in prison.

The questions presented are whether it was reversible error to refuse to allow the defendant to call a witness who invoked the Fifth Amendment privilege; whether the trial judge conducted a proper inquiry into the Fifth Amendment claim of the witness; whether it was error to refuse to instruct the jury with regard to the witness; whether discussion of the defendant's prior convictions was error; and whether the prosecutor should have disqualified himself from the case.

Clayton was charged with the alleged transfer of cocaine on two separate occasions to a police undercover agent. Audio and videotape were used to monitor the meetings. At trial, Clayton testified in his own behalf and called one other witness but was denied the right to call another witness who claimed Fifth Amendment immunity. Clayton's theory of defense was that he acted as an intermediary for the witness who was actually selling the cocaine. Upon conviction, this appeal followed.

■ The trial judge did not commit reversible error in refusing to allow Clayton to call a witness who stated he would exercise his Fifth Amendment right to refuse to answer questions. Federal case law establishes the principle that neither the prosecution nor the defense may call a witness knowing that the witness will assert his Fifth Amendment privilege against self-incrimination. *United States v. Crawford,* 707 F.2d 447 (10th Cir.1983); *United States v. Martin,* 526 F.2d 485 (10th Cir. 1975). In Kentucky, the prosecution may not call a witness knowing that the witness will invoke the Fifth Amendment immunity. *Brown v. Commonwealth,* Ky., 619 S.W.2d 699 (1981) overruled on other grounds, *Murphy v. Commonwealth,* 652 S.W.2d 69 (1983).

There is no Kentucky case which applies the same standards to a defendant. Clayton has failed to demonstrate why a different standard should be applied to the defendant.

When the witness was called, he was sworn and the jury was excused. The witness, with his attorney present, and on his advice, gave his name and address, and then invoked the privilege. The trial judge gave defense counsel three opportunities throughout the trial to present authority for permitting a defendant to call a witness he knows will assert the testimonial privilege. No authority was provided and the trial judge relied on *Martin* and *Crawford, supra.*

■ Clayton did not request an inquiry or a specific finding of fact regarding the ability of the witness to validly claim the Fifth Amendment. Therefore this issue was not properly preserved for appellate review.

■ The trial judge considered the fact that the witness had a pending indictment in the same division, the video tape showing the witness in the defendant's car during the September 27 drug buy; the advice of the witness's own attorney, and the defendant's testimony attempting to shift the blame to the witness. We cannot say that the exercise of his discretion to uphold the claim of privilege was reversible error. *Young v. Knight,* Ky., 329 S.W.2d 195 (1959).

Despite the defendant's failure to properly preserve the issue for appellate review, the trial judge was sufficiently aware of the criminal deterrent the witness faced by testifying and properly used his discretion in excluding him as a witness.

■ The trial judge did not commit reversible error in refusing to instruct the jury in regard to the unavailability of the witness. *Bowles v. United States,* 439 F.2d 536 (D.C.Cir.1970). The instruction requested by Clayton was improper and he did not request the instruction which could have been given. Under *Bowles, supra,* the request was properly overruled. The only instruction regarding the absence of the witness which could have been given, had it been requested, was one stating that he was unavailable to either side. No such instruction was requested, therefore it was not given. "No party may assign as error the giving or failure to give an instruction unless he makes specific objection to the giving or the failure to give an instruction before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection." RCr 9.54(2).

The prosecutor's comments during closing argument were made in response to the initiation of the matter by defense counsel. The defendant raised the issue and invited the response and the prosecutor was not barred from responding. *United States v. Hedman,* 630 F.2d 1184 (7th Cir.1980).

Clayton's argument that the prosecutor's comment about Clayton's prior drug conviction was not properly preserved for appellate review. RCr 9.22. There was no manifest injustice or palpable error presented.

■ Clayton's contention that the prosecutor should have disqualified himself because the defendant's father had

punched the prosecutor on a prior occasion is without merit. A prosecuting attorney may be disqualified upon a showing of actual prejudice. K.R.S. 15.733(3). Vindictiveness is not to be presumed. *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). The inquiry by the trial judge established that the prosecutor bore no ill feeling toward Clayton, and the plea offer of twenty years was unchanged. The trial judge found no objective proof of a vendetta and consequently did not disqualify the prosecutor. No actual prejudice as required by the statute was demonstrated.

The judgment of conviction is affirmed.

All concur except COMBS and VANCE, JJ., who dissent.