**Charles L. BOULTON, Appellant,**

v.

**COMMONWEALTH of Kentucky by and on Relation of C. Emmett CALVERT, Secretary of Revenue, Appellee.**

**No. 91–CA–000158–MR.**

Court of Appeals of Kentucky.

Dec. 16, 1994.

Ordered Published April 14, 1995.

As Modified April 14, 1995.

Charles L. Boulton, Wickliffe, pro se.

Arnold C. Jones, Kentucky Revenue Cabinet, Enforcement Legal Section, Frankfort, for appellee.

Before LESTER, C.J., and HUDDLESTON and SCHRODER, JJ.

LESTER, Chief Judge.

This is an appeal from the trial court's order which upheld the Revenue Cabinet's assertion of authority over the appellant. Appellant, Dr. Charles L. Boulton, operated a chiropractic office and failed to cooperate with appellee in their audit of him and his wife since they had not filed income tax returns for the years 1979–1988. Appellee instituted this action on the authority of KRS 131.030(2) and KRS 135.050(2) and thereafter granted transactional immunity to appellant to protect him from any possible criminal prosecution, either state or federal. The trial court agreed with appellee's position in the following order:

Based upon the Findings of Fact and Conclusions of Law, it is hereby ORDERED that this Court has jurisdiction over the defendant, Charles L. Boulton, and the subject matter; the defendant is a resident of the State of Kentucky as defined by KRS 141.010(17) and is a taxpayer as defined by KRS 131.010(4).

IT IS FURTHER ORDERED that the plaintiff, Revenue Cabinet, has a right, under KRS 131.130, to inspect and audit the business books and records of the defendant and under the authority of KRS

135.050(2); the defendant is hereby enjoined from conducting a business known as Boulton Chiropractic Clinic until such time as the defendant provides the plaintiff with his business books and records for the years 1979 through 1988 for audit to determine if the defendant is liable for any Kentucky income taxes.

The plaintiff's motion for a protective order against any discovery on the part of the defendant is granted.

IT IS FURTHER ORDERED that this is a FINAL AND APPEALABLE ORDER.

The order was based upon findings of fact and conclusions of law, which are as follows:

### Findings of Fact

It appears to the Court that the plaintiff has alleged and proven without contradictory evidence the following facts:

1. The defendant, Charles L. Boulton is a registered voter in the State of Kentucky.

2. The defendant, Charles L. Boulton has been issued a resident drivers license in the State of Kentucky.

3. The defendant, Charles L. Boulton is doing business in Wickliffe, Kentucky, as a practicing chiropractor in the "Boulton Chiropractic Office" located on Highway 286, Wickliffe, Kentucky.

4. The defendant, Charles L. Boulton, was properly served with process in the instant case.

5. The defendant, Charles L. Boulton, argued this Court had no jurisdiction over him or the subject matter.

6. The defendant, Charles L. Boulton, while admitting he is a resident of Kentucky, argued he is not a "taxpayer" as defined by KRS 131.010(4).

7. The defendant, Charles L. Boulton, argues that to be a taxpayer for the purposes of KRS chapter 141, he must be engaged in some activity, the right of which to exercise, is granted by the government.

8. The plaintiff has moved for an injunction to close defendant's chiropractic clinic until such time as he produces his books and records for an audit.

9. The plaintiff has moved for a protective order to prevent the defendant from delaying the progress of this case with unnecessary discovery.

10. The defendant has moved for a change of venue to Ballard County.

11. The defendant has moved for C.R. 11 sanctions against Arnold C. Jones because he moved that defendant's answer be struck from the record for being filed out of time.

### CONCLUSIONS OF LAW

The Court, based upon the above findings of fact, issues the following conclusions of law.

1. The defendant, Charles L. Boulton is a resident of the state of Kentucky as defined by KRS 141.010(17).

2. The Court has jurisdiction over the defendant and the subject matter under the authority of KRS 131.130.

3. The defendant is a taxpayer in the state of Kentucky for the purposes of KRS Chapter 141 as defined by KRS 131.010(4).

4. Pursuant to KRS 131.130, the plaintiff has instituted this action as a first step to ascertain the amount of income tax, if any, due the plaintiff; therefore, under KRS 135.050(2) this Court has the authority to enjoin the operation of defendant's business until such time as he produces his business records for audit.

5. The plaintiff is entitled to a protective order.

6. There are no genuine issues of material fact to be decided.

Appellant argues to this Court that he could face criminal prosecution in the federal or state courts based upon evidence derived from KRS 131.130 proceedings. However, we remind appellant that the Commonwealth granted him immunity from state criminal prosecution and regarding federal prosecution, we look to *Murphy v. Waterfront Commission of N.Y. Harbor*, 378 U.S. 52, 79, 84 S.Ct. 1594, 1618, 12 L.Ed.2d 678, 695 (1964), wherein the United States Supreme Court held, in part, as follows:

[W]e hold the constitutional rule to be that a state witness may not be compelled to give testimony which may be incriminating under federal law unless the compelled testimony and its fruits cannot be used in any manner by federal officials in connection with a criminal prosecution against him. We conclude, moreover, that in order to implement this constitutional rule and accommodate the interests of the State and Federal Governments in investigating and prosecuting crime, the Federal Government must be prohibited from making any such use of compelled testimony and its fruits. This exclusionary rule, while permitting the States to secure information necessary for effective law enforcement, leaves the witness and the Federal government in substantially the same position as if the witness had claimed his privilege in the absence of a state grant of immunity.

The second issue revolves around the court's authority to enjoin appellant's business operations pursuant to KRS 135.050 *et seq.* We find this argument to be without merit in lieu of *Borders v. Cain,* Ky., 252 S.W.2d 903 (1952), which was again cited to in *Kroger Co. v. Department of Revenue,* Ky.App., 614 S.W.2d 705 (1981).

The trial court's order is affirmed.

All concur.