W. Earl DEAN; Lee M. Dean; and Lois Dean, Appellants,

v.

COMMONWEALTH of Kentucky (ex rel—REVENUE CABINET); Mercer County Board of Assessment Appeals; and Neila Monroe, Property Valuation Administrator, Appellees.

No. 97–CA–0132–MR.

Court of Appeals of Kentucky.

Feb. 20, 1998.

Case Ordered Published by Court of Appeals April 17, 1998.

Lee M. Dean, Dean, Dean & Dean, Harrodsburg, for Appellants.

Debra H. Eucker, Revenue Cabinet, Division of Legal Services, Frankfort, for Appellees.

Before GUDGEL, C.J., and BUCKINGHAM and KNOPF, JJ.

*OPINION*

KNOPF, Judge.

W. Earl Dean, Lee Dean, and Lois Dean appeal the trial court's decision to deny their motion for summary judgment which claimed that KRS 132.010, 132.220, 132.450, and 132.690 are unconstitutional and the dismissal of their action. We affirm the trial court.

The Mercer County PVA reassessed five (5) pieces of property owned by the Deans. The reassessments significantly raised the property values from the previous year. In fact, on two (2) properties the values were almost doubled.

On appeal the Deans clarify that they are not arguing that the subject statutes were not applied uniformly. On the contrary, they contend they were all uniformly mistreated by the PVA. The Deans do claim that KRS 132.010, 132.220, 132.450, and 132.690 are facially void, arbitrary, unreasonable, take property without due process, and violate the separation of powers clause of Kentucky's constitution. Specifically, the Deans claim that the statutes contain no guidelines or "measuring stick" to determine the "fair cash value" of their property.

This argument actually involves the constitutionality of KRS 132.450 and 132.690, which authorize assessments of property of "fair cash value." KRS 132.010 is simply a definitional statute and KRS 132.220 provides assessment dates and taxpayer listing requirements. The Deans suggest that the statutes should include guidelines to assess "fair cash value" such as comparables, depreciation, long term leases, as well as other factors. The Deans conclude that these guidelines should be enunciated by the legislature and not the courts. Thus, all this court can do is declare the statutes unconstitutional.

The appellees, the Revenue Cabinet of Kentucky and the PVA of Mercer County,

respond that the term "fair cash value" has been defined as the fair and voluntary price a willing seller would pay to a willing buyer. *Floyd County v. Ky-W.Va. Gas Co.,* Ky., 407 S.W.2d 721 (1966) and *Evans v. Allen,* 305 Ky. 728, 205 S.W.2d 514 (1947). More importantly though, in *Borders v. Cain,* Ky., 252 S.W.2d 903 (1952) and *Dolan v. Land,* Ky., 667 S.W.2d 684 (1984), the Court held that the tax assessor does not need to be specifically instructed on what method to use. Instead, the Court held that whatever the method used by the tax assessor, it should provide an assessment that is fair and equitable. The Court in *Borders, supra,* specifically held that KRS 132.450 was not unconstitutional because it failed to provide any standards for tax assessments. The Deans' constitutional argument is the same argument that was made in *Borders.* In *Borders* the appellant claimed the statute was unconstitutional because it failed to provide standards for tax assessments. The Deans essentially argue the same thing, that the statute fails to provide any guidelines or "measuring stick." The Court in *Borders* explained that if the taxpayer believes his assessment is too high, then the remedy is an appeal from the assessment.

The trial court relied on both *Dolan, supra,* and *Borders, supra,* to hold that KRS 132.450 has previously been determined to be constitutional. In the Deans' appellate brief, however, they completely fail to cite or address the *Dolan* and *Borders* cases. After reviewing these cases, we agree with the trial court's reading and application of them. The statutes are not unconstitutional because they do not provide a "measuring stick" for tax assessments. If the Deans believed their assessment was too high, they should have followed the appellate process provided in the statutes, which they did not do. Likewise KRS 132.690 was held constitutional in *Revenue Cabinet v. Leary,* Ky.App., 880 S.W.2d 878 (1994).

For these reasons, we affirm the judgment of the Mercer Circuit Court.

All concur.