**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Domini Jermayle BLINCOE, Appellee.**

No. 1999–CA–001257–MR.

Court of Appeals of Kentucky.

Dec. 22, 2000.

---

**22.** Uniform Reciprocal Enforcement of Support Act, KRS Chapter 407 *et seq.*

**23.** KRS 403.210.

Albert B. Chandler, III, Attorney General, Teresa Young, Special Assistant Attorney General, Louisville, KY, for Appellant.

J. David Niehaus, Daniel T. Goyette, Louisville, KY, for Appellee.

Before BARBER, BUCKINGHAM, and MILLER, Judges.

### OPINION

BARBER, Judge.

Appellant Commonwealth of Kentucky (Commonwealth) appeals an interlocutory order holding that it cannot unilaterally offer testimonial immunity to a trial court witness.

Appellee Domini Jermayle Blincoe (Blincoe) was charged with shooting a victim who later died. There were two witnesses to the alleged incident. The first witness disappeared after giving a statement to the police, and cannot be located by the Commonwealth. The second witness, Linzy Harris, gave a statement to the police implicating himself in concealment of the charged offense. Harris was charged with that offense, but was found incompetent to stand trial. Harris has invoked his Fifth Amendment right to refuse to testify at the trial of Blincoe.

The Commonwealth asserts that it offered Harris immunity from prosecution in exchange for his testimony. A lengthy hearing was conducted on this matter. The trial court stated that what the Commonwealth was attempting to offer was "use immunity" such as permitted by the federal courts pursuant to 19 USC Section

6002. The Commonwealth agreed. The trial court stated that in order for the Commonwealth to be bound by such an offer, Harris had to agree to the terms. The trial court found a difference between a mutual agreement, and the unilateral decision made by the Commonwealth in this case, that if Harris testified, the Commonwealth would not use that testimony against Harris later.

Defense counsel for Harris asserted that no mutual agreement had been made between the witness and the Commonwealth. Defense counsel also showed the trial court that Harris had been found mentally incompetent to stand trial in an earlier action, and that it was not contemplated that he would be found competent in the future. Defense counsel for Harris asserted that both parties had to agree to the offer before it could become valid and binding, and stated that Harris did not accept the Commonwealth's offer of immunity in exchange for testimony. After consideration of the facts, the trial court ruled that it would sustain Harris' Fifth Amendment privilege.

Blincoe asserts on appeal that the Commonwealth failed to join an indispensable party to this action, as Harris was not made a party. Blincoe claims that this failure to join Harris supports a dismissal of the appeal. Blincoe shows this Court that a criminal defendant does not have standing to argue about a grant or denial of immunity to a prosecution witness at trial. See: *Couch v. United States,* 409 U.S. 322, 328, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). He argues, therefore, that he has no standing to make Harris' response to the Commonwealth. If a party fails to name an indispensable party in the notice of appeal, the appeal must be dismissed. *City of Devondale v. Stallings,* Ky., 795 S.W.2d 954, 957 (1990).

■ The Commonwealth shows this Court that this argument was previously heard on a motion to dismiss the appeal, and asserts that Blincoe has not shown that the disposition of this case will impair

or impede the ability of Harris to protect his own interest. We agree. An indispensable party is one whose absence prevents the court from granting complete relief among those already parties. *Milligan v. Schenley Distillers, Inc.,* Ky.App., 584 S.W.2d 751, 753 (1979). Complete relief can be granted in the absence of Harris. For this reason, Harris is not an indispensable party to this appeal.

■ The trial court ruled, on May 6, 1999, that the Commonwealth lacked authority to unilaterally grant Harris testimonial immunity; therefore, Harris could not be compelled to testify. The privilege against self-incrimination recognizes the danger to a witness forced to give testimony, which may then lead to imposition of punishment for the witness' role in the offense. *Kastigar v. United States,* 406 U.S. 441, 453, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). However, the prosecution may enter into an agreement with a defendant, stating that it will not prosecute him in exchange for testimony to be given at trial. *Cf. Bray v. Commonwealth,* Ky., 703 S.W.2d 478, 479 (1985) (holding that the witness had accepted immunity in exchange for no prosecution.). Where such a promise has been made, the prosecution is bound by it, and cannot prosecute the witness for his involvement after he has testified on behalf of the Commonwealth at trial. *Cash v. Commonwealth,* Ky., 892 S.W.2d 292 (1995). Such an agreement provides immunity to the witness in both state and federal court. *Boulton v. Commonwealth ex rel. Calvert,* Ky.App., 896 S.W.2d 614, 615 (1995).

■■ Blincoe argues that "immunity" is a term of art which must be distinguished from a promise not to prosecute, such as was found in *Cash v. Commonwealth, supra.* Immunity is defined as:

Freedom from prosecution granted by the government in exchange for the person's testimony. By granting immunity, the government can compel testimony— despite the Fifth Amendment right

against self-incrimination—because that testimony can no longer implicate the witness.

*Black's Law Dictionary* 754 (7th ed.1999). The Kentucky Supreme Court has held that common law did not confer power upon prosecutors to grant immunity from prosecution in order to obtain testimony. *Commonwealth v. Brown*, Ky., 619 S.W.2d 699 (1981); overruled on other grounds *Murphy v. Commonwealth*, Ky., 652 S.W.2d 69 (1983). The basis for the Supreme Court's decision in *Brown* was that the Commonwealth cannot grant such immunity in the absence of statutory or constitutional authority so authorizing. That rationale holds true today. It is an accepted principle of Kentucky law that a unilateral action by a prosecutor cannot bind the grand jury. *See Bowling v. Sinnette*, Ky., 666 S.W.2d 743, 745 (1984). Thus, Blincoe argues, even if the prosecutor made a unilateral offer of immunity, the grand jury would still be able to indict Harris later. The Commonwealth claims that its grant of immunity to Harris would require dismissal of any indictment with prejudice.

The Commonwealth argues that, as there is an open offer not to prosecute Harris and therefore Harris is precluded from pleading his Fifth Amendment privilege, he must testify in this case, even absent a bilateral agreement between Harris and the Commonwealth. The Commonwealth asserts that its offer of immunity, even absent any agreement by Harris, enables the prosecution to compel his testimony at trial. Kentucky law does not provide for a unilateral grant of immunity by the Commonwealth. The prosecution must enter into an agreement with the witness, exchanging testimony for a binding agreement not to prosecute.

The courts of this Commonwealth zealously protect the rights granted individuals pursuant to the Fifth Amendment of the United States Constitution and Section 11 of the Kentucky Constitution, both of which provide that a witness cannot be compelled to incriminate himself. *Commonwealth v. Cooper*, Ky., 899 S.W.2d 75, 77 (1995). Further, in order to prevent prejudice to a defendant, the Commonwealth may not call a witness it knows will take the Fifth Amendment on the stand. *Clayton v. Commonwealth*, Ky., 786 S.W.2d 866, 868 (1990).

■ The central tenet of *Commonwealth v. Brown*, *supra* still holds true today. In the absence of a statutory or constitutional authority so permitting, a prosecutor may not unilaterally grant immunity to a witness who is unwilling to testify at trial. For this reason, we affirm the trial court's ruling.

ALL CONCUR.