**Dana S. STEPHENSON, Appellant,**

v.

**STATE FARM INSURANCE COMPANY; and American Family Mutual Insurance Company, Appellees.**

No. 2005–CA–001199–MR.

Court of Appeals of Kentucky.

March 2, 2007.

Eric M. Lamb, Louisville, KY, for appellant.

Renee G. Hoskins, Louisville, KY, for appellee State Farm Insurance Company.

Mary Jo Wetzel, New Albany, IN, for appellee American Family Mutual Insurance Company.

Before VANMETER, Judge; EMBERTON and KNOPF, Senior Judges.[1]

*OPINION*

VANMETER, Judge.

As a general rule, out-of-state insurance companies are not required to comply with Kentucky no-fault requirements for their insureds who are not Kentucky residents but who are involved in motor vehicle accidents in Kentucky. The issue we have to

1. Senior Judges Thomas D. Emberton and William L. Knopf sitting as Special Judges by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

address in this case is whether certain statements made to Dana Stephenson by representatives of an out-of-state insurer, American Family Mutual Insurance Company, indicating that it would provide no-fault benefits, operated to estop it from denying such benefits to Stephenson. We hold that such estoppel occurred, and we therefore reverse the summary judgment of the Jefferson Circuit Court on this issue.

In November 1998, Stephenson, an Indiana resident, was involved in an automobile accident in Jefferson County, Kentucky. At the time, Stephenson was insured under a policy issued by American Family, a Wisconsin company which was licensed to do business in Indiana but not Kentucky. Under the terms of the policy, American Family was obligated to pay the accident-related medical expenses Stephenson incurred within three years of the date of the accident, up to the policy limits of $10,000. The policy did not provide no-fault benefits, although such benefits would have been required by KRS 304.39–020 if the policy had been issued to a Kentucky resident.

Following the accident, Stephenson retained Kentucky counsel who wrote American Family in December 1998, advising that "[a]lthough this is an Indiana policy, since the accident happened in Kentucky you will be required by Kentucky to pay Kentucky no-fault benefits, if you do business in Kentucky." After American Family responded, Stephenson's counsel sent the following message: "Per your request, I enclose a copy of the accident report. Please advise if you will be providing Kentucky no-fault benefits in this matter." He then followed up a week later with the following: "Please advise one way or the other whether American Family intends to pay no fault benefits in this case. If not, we need to take the matter up with the insurance department to figure out who is to provide the no-fault coverage and or to pursue a claim with the Kentucky assigned claims plan." Then, by letter of January 19, 1999 counsel stated, in part:

Dear Ms. Payne:

You have called and left a message that you will pay the Kentucky no-fault benefits. You should be aware that this includes both med-pay and lost wages.

Please send us a letter confirming you will pay the no-fault benefits. If you are going to deny the claim, we can process it with the Kentucky Assigned Claims Plan, but that should not be necessary.

Next, by letter of February 22, 1999, American Family responded in pertinent part:

We are writing you in response to your letter dated January 26, 1999.

First, Is there any property damage to be paid out on this claim?

Enclosed is an application of benefits for our insured, and your client to complete and return to our office.

This application will indicate to us that Mrs. Stephenson wishes to use her PIP coverage with us.

Upon receipt of this completed form we will process any medical payments for Mrs. Stephenson.

Stephenson's counsel sent the following response: "I enclose herewith a no-fault application which has already been executed. Every company in Kentucky accepts this form, which is the same as just about every other form including yours. Please advise if we have to redo it." During the next four years, American Family paid $1,255 in reimbursement for various accident-related medical expenses. On March 5, 2003, since a bill for $130 submitted the previous month had not been paid, Stephenson's counsel threatened to file a lawsuit by March 11 in order to meet the

deadline of the statute of limitations and "in order to preserve the right to additional no-fault benefits[.]" At this point, by a letter dated March 10, 2003, American Family advised Stephenson:

> We are writing you regarding a loss that occurred on November 17, 1998.
>
> We received additional medical bills you are asking us to pay on Dana's behalf.
>
> We are not licensed to do business in Kentucky and have not filed a deemer with the state. Therefore we do not owe no-fault benefits to any insured injured in Kentucky.
>
> We have recently learned of this situation and are informing you that we will not be paying any further No Fault Benefits.
>
> Our insured has $10,000 medical expense coverage on her policy that covers medical expenses for treatment that is accident related and incurred within 3 years from the accident date.

Stephenson thereupon filed this action asserting that American Family was estopped from denying payment of no-fault benefits. She also asserted a claim against the Kentucky Assigned Claims Bureau, which was assigned to State Farm Insurance Company, that she was entitled to Kentucky no-fault benefits in the event American Family was not liable. All parties filed motions for summary judgment, which the Jefferson Circuit Court granted in favor of the insurance companies. Stephenson appeals.

■ The parties agree that out-of-state insurance companies that are not licensed to do business in Kentucky are not required to comply with Kentucky no-fault insurance requirements for their insureds who are not Kentucky residents. *State Farm Mut. Auto. Ins. Co. v. Tennessee Farmers Mut. Ins. Co.*, 785 S.W.2d 520, 522–23 (Ky.App.1990). On the other hand, out-of-state insurance companies that are registered to do business in Kentucky are required to pay no-fault benefits to their insureds who are not Kentucky residents but who are injured in collisions in Kentucky. *Dairyland Ins. Co. v. Assigned Claims Plan*, 666 S.W.2d 746, 748 (Ky. 1984).

■ American Family argues that the facts of this case fall squarely within the holding of *Tennessee Farmers*, and that Stephenson cannot rely on a theory of estoppel since she knew her policy did not provide no-fault benefits. We disagree.

In *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 642 (Ky. App.2003), the Kentucky Supreme Court stated that "[p]romissory estoppel can be invoked when a party reasonably relies on a statement of another and materially changes his position in reliance on the statement." Here, the correspondence from Stephenson's counsel to American Family clearly indicates that Stephenson and her counsel were aware that the policy did not provide no-fault benefits. However, their inquiry was whether American Family was registered to do business in the Commonwealth of Kentucky, and whether American Family would therefore be required to pay no-fault benefits per the *Dairyland* holding. As clearly stated in the correspondence, at that early stage less than four months following the accident, Stephenson had the option to pursue a no-fault claim through the Kentucky Assigned Claims Bureau. However, by its affirmative response that it would be providing no-fault coverage, American Family effectively foreclosed Stephenson from exercising her option to proceed against the Assigned Claims Bureau. Clearly, Stephenson relied on the statements of American Family with regard to whether it would be providing no-fault coverage, and

she materially changed her position as to any claim against the Assigned Claims Bureau. American Family therefore is estopped from denying Stephenson no-fault benefits, and the trial court erred in granting summary judgment in favor of American Family. Given this holding, it follows that Stephenson's claim against State Farm is rendered moot.

The trial court's summary judgment in favor of American Family is therefore vacated, and this matter is remanded to the Jefferson Circuit Court for further proceedings consistent with this opinion. The summary judgment of the trial court in favor of State Farm is affirmed.

ALL CONCUR.